(May 12, 1913.)

J. U. McPHERSON, State Horticultural Inspector and Ex-officio State Bee Inspector, Plaintiff, v. FRED L. HUSTON, State Auditor, Defendant.

[132 Pac. 107.]

MANDAMUS—LEGISLATIVE APPROPRIATION—STATUTORY CONSTRUCTION.

1. Under the provisions of sec. 1 of the general appropriation bill of 1913 (Sess. Laws 1913, p. 637), the amounts specifically appropriated for the purposes stated in said act constitute the whole amount appropriated and to be used for any such purposes during the years 1913 and 1914.

2. *Held*, under the provisions of sec. 1340–E, the maximum amount to be expended on behalf of the Bee Inspection branch of the Horticultural Department is limited to $2,500, and that an appropriation is made for that branch of said department by the general appropriation act of 1913.

3. *Held*, that no appropriation is made by the provisions of sec. 1340–E, Sess. Laws 1913, p. 537, when considered in connection with the general appropriation act.

An original application in this court for a writ of mandate. Writ denied.

E. G. Davis, for Plaintiff.

"If, by the provisions of said section, a specific sum had been appropriated annually to pay claims arising thereunder, then the auditor would be authorized to draw the warrant de-

manded in this case, unless the appropriation had been previously exhausted." (*Kingsbury v. Anderson,* 5 Ida. 773, 51 Pac. 744.)

" 'Appropriated by law' means the act of the legislature setting apart or assigning to a particular use a certain sum of money to be used in the payment of debts or dues from the state to its creditors." (*Clayton v. Berry,* 27 Ark. 129.)

"Has the legislature fixed the amount of the claim and designated its payment out of a certain fund? These are the only things necessary to the validity of an appropriation." (*Humbert v. Dunn,* 84 Cal. 57, 24 Pac. 111.)

"To an appropriation within the meaning of the constitution nothing more is requisite than a designation of the amount and the fund out of which it should be paid." (*People ex rel. McCauley v. Brooks,* 16 Cal. 11.)

"An appropriation, within the meaning of our constitution, is the setting apart by law of a certain sum from the public revenues for a specified purpose, so that the executive officers are authorized to expend that sum, and no more, for that purpose and no other." (*State v. Moore,* 50 Neb. 88, 61 Am. St. 538, 69 N. W. 373.)

J. H. Peterson, Attorney General, and J. J. Guheen and T. C. Coffin, Assistants, for Defendant.

"While it is true no set form of words is necessary to make an appropriation, language should be used that would show the intention of the legislature to make an appropriation. The mere declaration that certain charges against the state must be paid out of the state treasury does not necessarily make an appropriation, for without such declaration, all charges against the state are paid out of the state treasury." (*Kingsbury v. Anderson,* 5 Ida. 771, 51 Pac. 744.)

SULLIVAN, J.—This is an original application to this court for a writ of mandate to Honorable Fred L. Huston, State Auditor, by the State Horticultural Inspector who is *ex-officio* State Bee Inspector, directing the auditor to forthwith set aside and apportion the sum of $2,500, or so much thereof

as may be found necessary, for the purpose of paying the duly authorized, audited and allowed claims arising from services performed under the provisions of House Bill No. 295, entitled, "An Act amending Sections 1329, 1331, 1332, 1333, 1334, 1336, 1337, 1338, 1339, 1340 of the Revised Codes of Idaho relating to Bee Inspection, amending Section One of Chapter 152; amending section 1330 of the Revised Codes of Idaho as amended by Section 1 of Chapter 152 of the Laws of the Eleventh Session of the Legislature of the State of Idaho pertaining to Bee Inspection; adding to Chapter 16, Title 8, relating to Bee inspection Sections 1340–A, 1340–B, 1340–C, 1340–D, 1340–E, relating to bee inspection and declaring an emergency," approved March 13, 1913 (Sess. Laws 1913, p. 573).

Said sec. 1340–E is as follows:

"Each Deputy Inspector so appointed shall receive for his services as Deputy Bee Inspector, the sum of Five Dollars ($5.00) per day for each day actually and necessarily employed in the discharge of his duties as prescribed in this chapter. Such compensation shall be paid out of the general fund of the State, upon warrants duly drawn by the State Auditor, only after the bill presented for such service shall have been authorized and approved by the Secretary and a majority of said Board and audited as other bills against the state of Idaho, provided that no more than Twenty-five Hundred ($2500.00) Dollars shall be paid out of the general fund of the State for such purpose in any one year."

The only question presented in this case is: Did the legislature make or intend to make by the provisions of said section an appropriation of $2,500 per year for the purposes mentioned in said section?

*In limine,* we shall briefly review the bee inspection legislation of this state.

The first legislative act in regard to State Bee Inspector is found in Sess. Laws 1905, p. 170, and the first section of that act provides that the State Horticultural Inspector shall be *ex-officio* State Bee Inspector, and there was appropriated

in that year for that department $12,500 for the Board of Horticulture (see Sess. Laws 1905, p. 275), and that appropriation was made in the general appropriation bill.

An act to amend the act of 1905, creating a state board of horticulture, was enacted in 1907 (Sess. Laws, p. 448), and in that year in the general appropriation act there was appropriated $12,500 for the Board of Horticulture. (Sess. Laws, 1907, p. 460.) The law in force at the time of the adoption of the Revised Codes was amended by an act of the legislature found in Sess. Laws 1909, p. 322, and by the general appropriation act there was appropriated for the Board of Horticulture $20,000. (Sess. Laws 1909, p. 138.)

By the Laws of 1911, certain sections of the Revised Codes in regard to the Horticultural Inspector and State Bee Inspector were amended (see Sess. Laws 1911, p. 457), and the first section of that amendment contains substantially the same provisions in regard to the appointment and payment of Deputy Bee Inspectors as are contained in the section under consideration, except it is provided that no more than $1,000 should be paid out of the general fund of the state for such purposes in any one year, and by the general appropriation bill there was appropriated for the Board of Horticultural Inspection $23,600. (Sess. Laws, p. 323.)

Several sections of the bee inspection act were amended and several new sections added at the last session of the legislature (Sess. Laws 1913, p. 573), and by sec. 1340–E, above quoted, the expenses of that department are limited to $2,500 a year, and under the general appropriation act (Sess. Laws 1913, p. 637), there was appropriated for the Horticultural Department $40,000.

We have recited the above acts of the legislature as a matter of history and to show some of the changes that have been made since the first bee inspection law was passed and to show that the Bee Inspection Department is a part of the Horticultural Department of the state. Under the law of 1911, it is provided that no more than $1,000 shall be paid out of the general fund for such purpose in any one year, and under that section of the law above quoted, which was

amended in 1913, it is provided "that no more than $2,500 shall be paid out of the general fund of the state for such purpose in any one year." The first section of the general appropriation act for 1913 is found at p. 638 of the Session Laws of 1913, and is as follows:

"That the following sums of money, or so much thereof as may be necessary, are hereby appropriated for the payment of salaries and compensation of the State officers and employees of the State of Idaho and the general expenses of State government, and for the support and maintenance of the several State institutions for the period commencing on the first Monday of January, 1913, and ending on the first Monday of January, 1915. The sums hereinafter appropriated shall be paid out by the State Treasurer only upon warrants drawn by the State Auditor against the general fund of the State. That the amounts specifically appropriated for stated purposes by this Act constitute the whole amount appropriated, and to be used for any purposes during the years 1913 and 1914."

It is clear from the provisions of said section that for the purposes stated in said appropriation act, the amounts appropriated therein constitute the whole amount intended to be appropriated for such purposes. In that act an appropriation is made for the Horticultural Department as follows:

"Maintenance ...........................$40,000

"Total ............................$40,000."

The Horticultural Department is a department of the state government and the Bee Inspection Department is a branch of the Horticultural Department, and the State Horticultural Inspector is by statute made *ex-officio* State Bee Inspector. We are satisfied that it was the intention of the legislature to confine that department to the appropriation of $40,000 made by the general appropriation bill of 1913. The language used in said sec. 1340–E was intended to and does limit the expenditure of that branch of the Horticultural Department designated as the Bee Inspection Department to $ 2,500

per annum. The appropriation of $40,000 in the general appropriation act was intended to cover the entire appropriation for the Horticultural Department, which includes the Bee Inspection Department. When sec. 1340–E is read in connection with the subsequent act of the legislature, making the general appropriation for the years 1913 and 1914, it must be held only to limit the amount of the appropriation to be used by the Horticultural Department for the purposes of bee inspection. The legislature included in the general appropriation all the appropriation that was meant for this branch of the department as well as for that entire department.

We conclude that when the provisions of said sec. 1340–E are taken into consideration with the provisions of the general appropriation act of 1913, said section does not make an appropriation of $2,500 per year, but was intended to limit to that sum the amount to be expended on behalf of the Bee Inspection branch of the Horticultural Department. The application for the writ of mandate must therefore be denied, and it is so ordered. No costs are awarded in this case.

Ailshie, C. J., and Stewart, J., concur.