No. 79.—JOSIAH MCLENDON, administrator, &c., plaintiff in error, *vs.* SIMON HOOKS, defendant in error.

[1.] To restrain a judgment, at Law, until an account can be taken between joint-tenants or tenants in common, the bill should expressly charge the insolvency of the defendant; and it is not sufficient for the complainant to allege, that he is "informed and believes that the defendant is insolvent; *or at least that he has declared that he will be so;* neither is it enough to aver, that by some fraudulent transfer or disposition of his property, that the defendant will prevent the complainant from recovering his rights.

In Equity, in Dougherty Superior Court. Decision by Judge PERKINS, May Term, 1854.

Josiah McLendon, as the administrator of Hillory Hooks, filed his bill against Simon Hooks, alleging that his intestate and defendant owned, jointly, a lot of land. That Simon had exclusive possession of the lot of land, since 1845 ; and that he was indebted, for the use and occupation of the same, to the complainant, the sum of $600. That Simon had obtained judgment, at Law, against complainant, as administrator, for $250, with interest and costs, and was proceeding to collect the same, by levy and sale, of the undivided half of said lot of land. That Simon was "insolvent, as he was advised and believes—at least, the said Simon had declared that he would be so"; and had threatened, that no part of the amount complainant might recover of him, should ever be paid. The bill prayed an injunction, and that there should be an account and sett-off of the demand against Simon, and the judgment in his favor, as far as the same might go.

On motion, the Court below dissolved this injunction, and this decision is assigned as error.

LYON & CLARK, for plaintiff in error.

STROZIER & HINES, for defendant.

*By the Court.*—LUMPKIN, J., delivering the opinion.

[1.] Had the complainant charged, distinctly, the insolvency of Simon Hooks, the injunction to restrain the judgment, at Law, should have been retained. But we hold that the allegations in the bill are too vague, especially when it appears from the face of the bill itself, that in addition to the debt which is sought to be enjoined, that he is the owner of one-half of the lot of land on which he lives, the rent of which is charged to be worth fifty dollars per annum.

As to the threat, that he will become insolvent, or the ap-

prehension expressed, that Hooks, the plaintiff in the judgment at Law, will, by some pretended or fraudulent disposition of his property, defeat the collection of complainant's share of. the rents, issues and profits due on the land, this is not sufficient to authorize the injunction to be retained. It is not in the power of the party to make any false or fraudulent transfer, which can effect any such purpose.