GEORGE W. TUGGLE *et al.*, plaintiffs in error, *vs.* MARGARET TUGGLE, administratrix, *et al.*, defendants in error.

Where a bill is filed by complainants against the administrator of their father to recover the interests of their two brothers, who are alleged to have died "in minority," in his estate, and there is no charge as to the ages of the deceased brothers at the time of their respective deaths, nor any reason set forth why administration was not had on their estates, a demurrer thereto was properly sustained.

Equity. Administrators and executors. Distribution. Before Judge RICE. Hall Superior Court. March Term, 1874.

For the facts of this case, see the decision.

E. M. JOHNSON, for plaintiffs in error.

N. L. HUTCHINS ; T. M. PEEPLES, for defendants.

WARNER, Chief Justice.

This was a bill filed by the complainants, George W. Tuggle, William Tuggle, John B. Tuggle, Adam B. Tuggle, and Anderson H. Tuggle, alleging that in 1855 John Tuggle died intestate, leaving his widow, Margaret Tuggle, the above named complainants, and six other named children, as his heirs-at-law ; that in 1856 James Tuggle and Margaret Tuggle took out letters of administration on the estate of John Tuggle; that James Tuggle, one of the administrators of John Tuggle, is dead, and that John W. Tuggle took out letters of administration on his estate. This bill is filed against John W. Tuggle, the administrator of James Tuggle, who was the administrator of John Tuggle, and Margaret Tuggle, the surviving administratrix of John Tuggle, alleging that two of the children of John Tuggle, to-wit: W. H. Tuggle and Harrison Tuggle, died "in minority," and the prayer of the bill is that the defendants may be decreed to account for and pay over to the complainants their share of the estate of their two deceased brothers, which they inherited from their father, John Tuggle. There was a demurrer to the bill for the want

of equity, which demurrer was sustained by the court, and the complainants excepted. We find no error in the judgment of the court in sustaining the demurrer to the complainants' bill on the vague and imperfect allegations contained therein. There is no allegation as to the age of W. H. and Harrison Tuggle at the time of their respective deaths; whether they were of sufficient age to have made a will, does not appear. The allegation is that they "died in minority," but whether they died testate or intestate, is not alleged; and if we were to assume that they died intestate, there is no sufficient allegation why administration should not have been had on their respective estates. The allegations contained in the complainants' bill are entirely too indefinite and uncertain to authorize any court to make a decree in respect to the rights claimed by them.

Let the judgment of the court below be affirmed.