(October 18, 1913.)

RALPH FALK, Secretary of the State Board of Health and Registrar of Vital Statistics, Plaintiff, v. FRED L. HUSTON, State Auditor, Defendant.

[135 Pac. 745.]

LEGISLATURE — APPROPRIATION OF FUNDS—SUSPENDING AN ACT OF THE LEGISLATURE.

1. Laws of 1913, p. 643, approved March 15, 1913, being a general appropriation of the legislature providing for the state board of health, and among which is "salary of secretary and registrar $3,600," and sec. 1 of the general appropriation bill referred to, which provides "that the following sums of money, or so much thereof as may be necessary, are hereby appropriated for the payment of salaries and compensation of the state officers and employees of the state of Idaho and the general expenses of state government, and for the support and maintenance of the several state institutions for the period commencing on the first Monday of January,

1913, and ending on the first Monday of January, 1915," provide that the amounts so specifically appropriated for state purposes by said act constitute the whole amount appropriated, and to be used during the years 1913 and 1914.

2. Sec. 2 of the Laws of 1913, p. 645, provides: "That the compensation and salaries of all state officers and employees of the state mentioned in sec. 1 of this act shall be in full for all services rendered or to be rendered to the state by such officers and employees during the period beginning on the first Monday in January, 1913."

3. While the legislature provides appropriations for state officers and employees at a fixed salary, and such appropriation is continuous, still such appropriations are made as compensation by the statute, and the officers are not created by the constitution but created by the legislative act, and where thereafter subsequent legislation is enacted making appropriations for such officers last above referred to, the latter act suspends the general appropriation during such period.

4. *Held,* that sec. 1084, Rev. Codes, fixing the salary of the secretary of the board of health not to exceed $1,800 per year, and sec. 2 of chap. 191, Laws of 1911, p. 632, which provides that the state registrar of vital statistics shall receive an annual salary over and above his salary as secretary of the state board of health, which shall be fixed by the state board of health and in no case shall exceed $600, and shall be paid in the same manner as the other salaries of state officials are paid, were suspended by the legislature of this state, Sess. Laws 1913, p. 643, approved March 15, 1913, for the period commencing on the first Monday of January, 1913, and ending on the first Monday of January, 1915.

Application for writ of mandate. Petition demurred to. Demurrer sustained and petition denied.

Chas. M. Kahn, for Plaintiff.

The secretary of the state board of health and registrar of vital statistics are state officers whose offices are created by statute. The act providing for their appointment also provided for the payment of their salaries, and is continuing an appropriation within the meaning of *Gilbert v. Moody,* 3 Ida. 3, 25 Pac. 1092; *Reed v. Huston,* 24 Ida. 26, 132 Pac. 108.

Repeals by implication are not favored. (Endlich, Interpretation of Statutes, sec. 210; Lewis' Sutherland's Stat. Const., 2d ed., sec. 267.)

Where there is a special statute relating to a particular subject, the special statute will control, even as against a general statute of a later date. (*Boise City Nat. Bank v. Boise City,* 15 Ida. 792, 100 Pac. 93; *Lawyer v. Carpenter,* 80 Ark. 411, 97 S. W. 662.)

J. H. Peterson, Attorney General, J. J. Guheen and T. C. Coffin, Assistants, for Defendant.

The two statutes fixing the salaries of the secretary and registrar have been suspended by the act of the legislature for the next two years. (*Jeffreys v. Huston,* 23 Ida. 372, 129 Pac. 1065; *United States v. Fisher,* 109 U. S. 143, 3 Sup. Ct. 154, 27 L. ed. 885; *United States v. Mitchell,* 109 U. S. 146, 3 Sup. Ct. 151, 27 L. ed. 887; *United States v. Langston,* 118 U. S. 389, 6 Sup. Ct. 1185, 30 L. ed. 164; *Dunwoody v. United States,* 143 U. S. 578, 12 Sup. Ct. 465, 36 L. ed. 269; *Belknap v. United States,* 150 U. S. 588, 14 Sup. Ct. 183, 37 L. ed. 1191.)

The statute fixed the salary of the petitioner at $2,400. The general appropriation bill specifically appropriated for the petitioner's salary, $1,800, and contained a provision that the said $1,800 should be in full compensation, and therefore the salary statutes are suspended during the term of the appropriation above mentioned.

STEWART, J.—This is an application for a writ of mandate. The cause is submitted upon the pleadings, the petition and a demurrer.

The applicant during the times mentioned in the petition was the duly appointed, qualified and acting secretary of the state board of health and registrar of vital statistics. Sec. 1082, Rev. Codes, provides for the appointment of the secretary of the state board of health, and sec. 1084 in part provides that the secretary of the state board of health is to receive an

annual salary to be fixed by the state board of health not to exceed $1,800.   Sec. 2 of chap. 191, Sess. Laws 1911, p. 632, provides fully for the bureau of vital statistics, and provides that the secretary of the state board of health shall be registrar of the bureau and shall receive an annual salary to be fixed by the state board of health, not to exceed $600.   The petitioner performed the duties of both offices during the months of January to April, 1913, inclusive, and the state auditor refused to draw a warrant in payment of such services in excess of the sum of $150 per month, and upon this refusal this application was filed.

Referring to the appropriation bill of the legislature, Laws of 1913, p. 643, approved March 15, 1913, which provides, among other things, the following: "State Board of Health, General Expenses, $4,000.   Salary of Secretary and Registrar, $3,600.   Maintenance of Laboratory, $2,000.   Bacteriologist, $4,800.   Deputy Registrar, $2,000.   Printing, $1,600.   Total, $18,000."

Sec. 1 of the general appropriation bill referred to, p. 638, provides: "That the following sums of money, or so much thereof as may be necessary, are hereby appropriated for the payment of salaries and compensation of the state officers and employees of the state of Idaho and the general expenses of state government, and for the support and maintenance of the several state institutions for the period commencing on the first Monday of January, 1913, and ending on the first Monday of January, 1915.   The sums hereinafter appropriated shall be paid out by the state treasurer only upon warrants drawn by the state auditor against the general fund of the state.   That the amounts specifically appropriated for state purposes by this act constitute the whole amount appropriated, and to be used for any purposes during the year 1913 and 1914."   Sec. 2 of said act provides: "That the compensation and salaries of all state officers and employees of the state mentioned in sec. 1 of this act shall be in full for all services rendered or to be rendered to the state by such officers and employees during the period beginning on the first Monday in January, 1913."

The general statutes fix and provide for the salary of the secretary and registrar in the amount of $2,400 per annum. The foregoing appropriation bill provides that the salary of secretary and registrar is fixed at $3,600 for the period of two years commencing on the first Monday of January, 1913, and ending on the first Monday of January, 1915, and that such sums are specifically appropriated for state purposes and the whole amount appropriated. Sec. 2 provides that the compensation and salaries of all state officers and employees shall be in full for their services rendered or to be rendered during the period commencing on the first Monday of January, 1913. It also appears in this case by the allegations in the petition that the appropriations under the general laws of the state fixing the salary of the secretary of the state board of health and registrar of the bureau of vital statistics are continuous appropriations. These provisions of the statute apply to this case. While the appropriations for the state officers and employees are fixed and determined as continuous, still such appropriations are made as compensation by the statute, and the officers are not created by the constitution but created by legislative act, and when thereafter subsequent legislation is enacted making appropriations for such officers last above referred to, the latter act suspends the general appropriation during such period. That rule has been announced by this court, and the facts are similar to the facts in this case, although other statutes were involved in such case. (*Jeffreys v. Huston,* 23 Ida. 372, 129 Pac. 1065.) The same principle announced by this court has also in effect under similar facts been determined in the following cases: *United States v. Mitchell,* 109 U. S. 146, 3 Sup. Ct. 151, 27 L. ed. 887; *United States v. Langston,* 118 U. S. 389, 6 Sup. Ct. 1185, 30 L. ed. 164; *Dunwoody v. United States,* 143 U. S. 578, 12 Sup. Ct. 465, 36 L. ed. 269; *Belknap v. United States,* 150 U. S. 588, 14 Sup. Ct. 183, 37 L. ed. 1191.

Counsel for applicant refers to the case decided by this court, *Reed v. Huston,* 24 Ida. 25, 132 Pac. 109. The discussion in the latter case is clearly distinguishable from the Jeffreys case and also the present case. In the Reed case, the

salary statute constituted an appropriation, but the legislature did not act, and there was no evidence to show intention either to repeal or suspend the operation of the salary statute. In the present case, however, the legislature has specifically provided an appropriation fixing the amount for the salary of the secretary and registrar, and has stated that such sum so fixed is in full compensation for his services for the period of two years, and by such provision suspends the operation of the statutes fixing the salaries of such officers, which was a continuous appropriation as such salary.

We therefore hold in this case that sec. 1084, Rev. Codes, fixing the salary of the secretary of the board of health not to exceed $1,800 per year, and sec. 2 of chap. 191, p. 632, Sess. Laws 1911, which provides that the state registrar of vital statistics shall receive an annual salary over and above his salary of secretary of the state board of health, which shall be fixed by the state board of health and in no case shall exceed $600, and shall be paid in the same manner as salaries of other state officials are paid, were suspended by the legislature of this state, Laws 1913, p. 643, approved March 15, 1913, commencing on the first Monday of January, 1913, and ending on the first Monday of January, 1915.

The demurrer is sustained and the state auditor is limited in issuing the warrant in favor of the applicant in excess of the sum of $150 per month.

Sullivan, J., concurs.

Ailshie, C. J., did not sit at the hearing, and took no part in the decision.