## YOUMANS *v.* GEORGIA & FLORIDA RAILWAY CO.

1. Civil Code §§ 2774-2775, in regard to the duty of railroad common carriers to furnish growers of peaches, apples, cantaloupes, watermelons, or other perishable products with cars for the shipment of products of that character, after receiving application therefor made in a specified manner, have no application to the matter of receiving live stock for transportation.

(*a*) In an action for damages against a railroad company engaged as a common carrier, for breach of an alleged duty imposed by the above-mentioned code sections to furnish a car on application, and receive and receipt for live stock, and transport it to a distant place, there being no cause of action resulting from any breach of duty under the statute, if facts are alleged sufficient to constitute a cause of action under the common law, as enlarged by statute (Civil Code, §§ 2767, 2769), the allegations relative to duty and liability under the code sections first mentioned will be treated as surplusage, and the petition held not subject to general demurrer.

(*b*) Treated as an action for breach of duty under the common law as enlarged by statute, the petition was not subject to any of the grounds of special demurrer urged against it.

2. The petition was amendable by adding a second count declaring upon the same cause of action in different language, intended to avoid grounds of demurrer urged against the petition in the first instance.

3. It was erroneous to disallow the amendment, and to dismiss the petition on demurrer.

DECEMBER 15, 1914.

Action for damages. Before Judge Graham. Montgomery superior court. November 4, 1913.

L. W. Youmans brought a suit against the Georgia and Florida Railway Company, on account of failure to furnish a car for transportation of live stock, and for refusal to receive and properly transport the live stock when tendered for shipment. The action was for damages, and also for a statutory penalty for failure to adjust the claim within a reasonable time after demand for settlement. The defendant interposed general and special grounds of demurrer. Plaintiff did not offer to amend otherwise than by setting up another separate and distinct count. On objection the amendment was disallowed, after which an order was passed sustaining the demurrer on all of the grounds. Error was assigned upon these rulings. The petition alleges the following, in substance: The defendant was engaged in operating a line of railway in this State between Uvalda and Augusta, and, in conformity to the provisions of the Civil Code, § 2774, the plaintiff, on December 11, 1912, notified the defendant to furnish a car on December 13th for a car-load of cattle, consisting of twenty-three head, to be shipped from Uvalda to Augusta. On the day last mentioned the plaintiff delivered the cattle to "defendant's cattle-pen," and defendant refused to receive and receipt for them, and refused to furnish a car for their transportation until December 17th. It was defendant's duty to furnish a car and receipt for the cattle on the 13th, and to deliver them to Augusta on the 14th. After receiving the cattle on

the 17th they were delivered by defendant in Augusta on the 18th. At the time of the delivery the market value in Augusta was less than such value on the 14th, when the cattle should have been delivered, and, as a consequence, the plaintiff sustained loss in a stated sum. During the interval while the cattle were being kept in the pen at Uvalda expenses for their maintenance, in a stated sum, were incurred. For the items of damage above mentioned the plaintiff, on the 28th day of December, presented his claim to the defendant, under the Civil Code, § 2775, and demanded settlement thereof. Defendant failed to adjust and pay the claim within the time prescribed in the statute, upon account of which plaintiff also sought to recover a statutory penalty.

The grounds of demurrer were: (1) The petition failed to set forth a cause of action. (2) The name of the agent to whom the notice was given to supply the car was not alleged. (3) There was no allegation that the notice referred to was in writing, nor was any copy attached. (4) It was not alleged that the cattle constituted a car-load lot, or, if less, that the shipper offered to pay the charges for a car-load lot. (5) It was not alleged whether the cattle to be shipped were grown, or in part grown, or in part yearlings. (6) The petition was duplicitous in that it combined more than one cause of action in one count. (7) It was not alleged that petitioner was owner of the cattle. (8) It was not alleged that the expense of keeping the cattle at Uvalda was more than it would be to keep them elsewhere.

The bill of exceptions recites that at the hearing the plaintiff "presented a paper" which he requested the court to allow and order filed as an amendment to the petition. Upon objection the court declined to allow the paper as an amendment. The paper so presented purported to be a complete and separate count relating to the same transaction. The following is a sufficient statement of its allegations: The plaintiff was owner of the cattle, and all of them were grown except two, and they were not diseased or in any way physically disabled. When plaintiff notified defendant's agent (naming him) at Uvalda, the agent, having authority so to do, instructed plaintiff to deliver the cattle at the time designated, and that a car would be provided and a prompt shipment made. In accordance with such instructions the cattle were delivered, but defendant refused to receive them at the time of delivery, and also failed to

transport the cattle without unreasonable delay. If they had been transported "as agreed," the car would have reached Augusta on the 14th; but the shipment was not moved until the 17th and did not reach Augusta until the 18th. The market value at Augusta was less on the date last mentioned (in a stated amount) than it was on the 14th, when the shipment should have reached that place. Expense for maintenance, in a designated sum, was incurred in keeping the cattle at Uvalda from the 13th to the 17th, which would have been avoided if defendant had transported the cattle without unreasonable delay. There was also loss of weight of the cattle on account of detention, which lessened their value in a stated amount. The last paragraph of this count alleged that plaintiff was suing to recover for the three items above mentioned. There was no mention in the second count of the statutory penalty.

*T. N. Brown,* for plaintiff.

*W. H. Barrett* and *M. B. Calhoun,* for defendant.

ATKINSON, J. (After stating the foregoing facts.)

1. It is evident from the allegations of the petition that the pleader contemplated bringing his action under the Civil Code, §§ 2774, 2775. These provisions are taken from the act approved August 22, 1907 (Acts 1907, p. 84). It is there declared to be the duty of the railroad companies of this State to furnish growers of peaches, apples, cantaloupes, watermelons, or other perishable products, icing and refrigerator cars, or other suitable cars for transportation of such products, whenever application is made therefor in writing by the shipper twenty-four hours in advance of the time such cars are wanted for loading. For failure to comply with such duty it is also declared that the railroad companies shall be liable for damages based upon the market value of the product to be shipped, and an additional sum of $50 for each car, as liquidated damages, for failure to pay within a specified time after notice of claim for damages. Live stock is not included among any of the things named in the statute, and clearly it is not applicable to a refusal to furnish cars for shipment of live stock. Treated as an action for breach of duty specified in the code sections above mentioned, the plaintiff failed to set out a cause of action. But the mere fact that the pleader may have referred to those sections, and have undertaken to hold the company liable under them, would not be cause to dismiss the plaintiff's action, if the petition alleged facts which,

under the statutes or common law, would suffice as a basis for an action. In such cases the proper law will be applied to the substance of the allegations, and those allegations which relate only to the inapplicable statutes will be treated as surplusage. *Gainesville Midland Railway* v. *Vandiver*, 141 *Ga.* 350 (80 S. E. 997). If the petition be stripped of all the allegations relative to liability under the statutes first above mentioned, and those relating to a statutory penalty, on the basis that such allegations were mere surplusage, there would be enough left to charge that on a given day, after notice of his intention so to do, the plaintiff tendered the railroad common carrier, for transportation from Uvalda to Augusta, designated live stock, and had it been received and properly transported it would have reached its destination at a specified time, when and where it would have been of a stated market value; and that, on being tendered, the defendant refused to receive and transport the live stock until several days had elapsed, at which time they were received and duly transported; but that in the meantime there was expense attending the keeping of the live stock at the place where tendered, and depreciation in market value at the place of destination, on account of which plaintiff sustained damages in separate amounts. Where live stock is properly tendered for transportation to a railroad engaged as a common carrier, it is bound, under the common law as enlarged by statute, to receive and transport it with due diligence, and a breach of such duty will render the carrier liable for all proximate damages flowing from the breach of such duty. Civil Code, §§ 2767, 2769. See also *Southern Railway Co.* v. *Moore,* 133 *Ga.* 806 (67 S. E. 85, 26 L. R. A. (N. S.) 851). The substance of the petition being as indicated above, it set forth a cause of action for damages proximately flowing from a breach of duty to receive and transport live stock with proper dispatch. Some of the grounds of special demurrer are to be considered as relating only to the insufficiency of the petition, treating the case as one instituted under the Civil Code, §§ 2774-2775, all of which, as we have seen above, could be regarded as mere surplusage, but none of them moved to strike any part of the petition on the ground of surplusage. Among the grounds of special demurrer which might have been intended to apply to the petition, irrespective of the action having been brought under the code sections last mentioned, is one which complains that the petition did not allege that plaintiff

was owner of the live stock. Whether allegations of this character would be necessary in a case of entire refusal by the carrier to receive and transport the live stock on the ground that they were tendered for shipment by one other than the owner, or one not legally representing the owner, is a question not presented by this record. The case we are dealing with is one where the carrier did receive and transport the live stock for the plaintiff, thereby recognizing him as a proper consignor. While damages sought to be recovered are alleged to have resulted from the delay of the defendant in receiving and transporting the live stock, it was not necessary, under the circumstances, to allege more specifically the ownership of the property. The petition was not subject to general demurrer, or to any of the grounds of special demurrer urged against it.

2. The second count, which the proposed amendment contained, properly construed, also sounded in tort, and in substance was a restatement of the cause of action set forth in the original petition, with certain modifications intended to meet the grounds of demurrer urged against the petition in the first instance. Upon the reasoning set forth in the first division, relative to the first count, the second count stated a cause of action, and it was erroneous to disallow the amendment.

3. The judge committed error in disallowing the amendment, and in dismissing the petition on demurrer.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*