18222.   WESTERN & ATLANTIC RAILROAD *v.* MEISTER.

1. In a suit for damages under the Federal employer's liability act, where the facts set forth in the petition are sufficient to show a violation by the defendant of the act of April 14, 1910, requiring that all cars be equipped with efficient hand-brakes, the plaintiff will not be prevented from claiming damages for a violation thereof, merely because of a statement in the petition that he is suing under the original safety-appliance act and the amendment of 1903.
2. In such a case, where the allegations and the proof are sufficient to authorize the inference of a violation by the defendant of the act of Congress of April 14, 1910, requiring that all cars shall be equipped with efficient hand-brakes, it is unnecessary to a recovery that the plaintiff should show either what rule or regulation, if any, the interstate-commerce commission may have made as to the number, dimensions, location, and manner of application of such appliances and that the same had not been complied with, or that the commission had made no rule or regulation upon the subject.
3. Where the issue in such a suit is whether the plaintiff's injuries were caused by a violation by the defendant of a statute enacted for the safety of employees, no question of the defendant's negligence or diligence is

Master and Servant, 39 C. J. p. 320, n. 24; p. 380, n. 23; p. 385, n. 52; p. 386, n. 53, 55; p. 937, n. 79; p. 938, n. 81; p. 1071, n. 63; p. 1072, n. 65.

involved, and in such a case it is improper to admit evidence that the appliance complained of is of a type in common use by other railroads.

4. In the trial of a case under the Federal employer's liability act, where the inquiry under the evidence is whether a car of the defendant railroad company was equipped with efficient hand-brakes, that a particular mechanical arrangement pertaining to the brakes had the approval of the interstate-commerce commission could neither be held by the court as a matter of law nor found by the jury as a matter of fact, where the inference of such approval must depend solely upon the circumstances that the arrangement has for a number of years been in common use on the various railroads of the country and that the interstate-commerce commission has made no rule or regulation concerning it.

5. The evidence authorized the verdict and no error of law was committed. The court did not err in refusing a new trial.

DECIDED DECEMBER 17, 1927.

Damages; from city court of Atlanta—Judge Dorsey. April 23, 1927.

*Tye, Peeples & Tye,* for plaintiff in error.

*Clarke & Clarke,* contra.

BELL, J. J. R. Meister brought suit under the Federal employer's liability act of April 22, 1908, against the Western & Atlantic Railroad to recover for injuries received by him while employed by the defendant as a switchman, both he and his employer being engaged at the time in interstate commerce. In his petition he alleged that his duties required him to ride upon freight-cars, and, while so doing, to put on and take off brakes, and that on a certain occasion it became necessary for him to go upon and apply the brakes of one of a train of freight-cars which were being moved on tracks in the city of Atlanta, and that "while applying the brakes to lessen the speed of said freight-cars, the brake-chain which connects with brake-staff where your petitioner had his hands applying said brakes, the chains which connect the brake-rod and the brake-staff was loose and disconnected, which caused your petitioner, while applying the brakes, to lose his balance, there being no resistance when he undertook to apply the brakes, but a giving way of the brake-staff, which threw your petitioner from the top of said box-car to the ground below, and permanently injuring him." Paragraph 10 of the petition was as follows: "Your petitioner brings this suit under what is known as the safety-appliance act and amendments of 1903 thereto, a part of the Federal employer's act passed by Congress and made a Federal law for employees who are injured under the facts and

circumstances on this case." The defendant made answer and went to trial upon the merits without demurring or otherwise challenging the petition. The jury returned a verdict in favor of the plaintiff for $6,500, after which the defendant made a motion for a new trial, which motion the court refused, and the defendant excepted.

1. For brevity and convenience, we will refer to the parties according to their position in the court below. In various separate assignments in its motion for a new trial the defendant excepted to the verdict and to a number of excerpts from the charge of the court, and also to the refusal of a request to charge, upon the common ground that the plaintiff expressly limited his right of recovery to an alleged violation of the safety-appliance act of 1893, as amended by the act of 1903, and that inasmuch as the only pertinent safety appliance statute is the act of April 14, 1910, which provides that all cars must be equipped with "efficient hand-brakes," and which was not alleged to have been violated, the plaintiff should not have recovered, and the court should not have submitted any question of whether there was a violation of this act. The defendant's general contention in this aspect of the case may be best illustrated by stating the substance of ground 2, which is typical of other grounds, of the motion for a new trial. The defendant, in that ground of the motion, assigned error upon the following charge: "In this case there is no contention but that the safety-appliance act of Congress is applicable. It is not denied by the defendant but the defendant does deny any liability to the plaintiff. The safety-appliance act says that all cars must be equipped with appliances provided for in the act, and, so far as applicable to this case, the law required of the defendant that the car in question must be equipped with efficient hand-brakes, that is workable hand-brakes." The exceptions to this charge are: (1) that the petition contained no allegation of a violation of the act of 1910, and made no reference whatever to the provision thereof that all cars should be equipped with efficient hand-brakes; and (2) the statement in the charge, "there is no contention but that the safety-appliance act of Congress is applicable," was erroneous and misleading, because the defendant did contend that the provision of the statute mentioned, which was treated by the court as being

"the safety-appliance act of Congress," was not applicable, since "it had not been pleaded by the plaintiff nor any violation of any provision thereof been alleged." The defendant's position, as we understand it, is not that the plaintiff failed to allege or prove facts warranting the inference that the act of 1910 was not complied with, but that the petition, in view of paragraph 10, should be construed as eliminating any such question. We can not agree with this contention. In *Gainesville Midland Ry.* v. *Vandiver,* 141 *Ga.* 350 (80 S. E. 997), the Supreme Court said: "In pleading a cause of action, where a domestic statute or that of the United States is relied on, it is unnecessary to incorporate in the pleadings a statement of the law upon which the cause of action is based. If it is incorporated, the reference thereto may be stricken as surplusage." Again, in *Youmans* v. *Ga. & Fla. Ry. Co.,* 142 *Ga.* 781 (83 S. E. 784), it was evident from the allegations of the petition that the pleader contemplated bringing his action under the Civil Code (1910), §§ 2774, 2775, as codified from the act of August 22, 1907 (Ga. L. 1907, p. 84). The Supreme Court held that if the suit should be treated solely as an action for a breach of the duty specified in these code sections, it failed to show any right of recovery; but that since the petition alleged facts sufficient to constitute a cause of action under the common law, as enlarged by statute, the allegations relating to the duty and liability under the code sections first mentioned would be irrelevant, and would in no way affect the plaintiff's case. In the opinion it was said: "But the mere fact that the pleader may have referred to those sections [§§ 2774, 2775], and have undertaken to hold the company liable under them, would not be cause to dismiss the plaintiff's action, if the petition alleged facts which, under the statutes or common law, would suffice as a basis for an action. In such cases the proper law will be applied to the substance of the allegations, and those allegations which relate only to the inapplicable statutes will be treated as surplusage." In order for a party in a suit in this State to assert a right under a foreign statute, the statute must be pleaded, but not so when either a local or a Federal law is relied on. The courts of this State will take notice not only of our own laws but of the acts of Congress as well, and so, in order to claim a right under an act of Congress, it is not necessary that the plaintiff

should say that he is suing under the act, nor that he should otherwise mention it. It is sufficient if the facts alleged disclose a cause of action under the provisions of the statute. Thus, in this case, the statement in the petition that the plaintiff is suing under "what is known as the safety-appliance act and amendment of 1903" will be disregarded. Stafford *v.* Norfolk &c. Co., 202 Fed. 605; Kelly *v.* Chesapeake &c. Co., 201 Fed. 602; Ullrich *v.* N. Y. &c. R. Co., 193 Fed. 768; Rowlands *v.* Chicago &c. R. Co., 149 Wis. 51 (135 N. W. 156, Ann. Cas. 1916E, 714); St. Louis &c. R. Co. *v.* Hesterly, 98 Ark. 240 (135 S. W. 875).

2. Section 2 of the act of 1910, so far as it may be applicable to the case under consideration, merely provides that all cars shall be equipped with efficient hand-brakes, without any specification as to what would be necessary to constitute a compliance with this requirement. Section 3 provides as follows: "That within six months from the passage of this act the interstate commerce commission, after hearing, shall designate the number, dimensions, location, and manner of application of the appliances provided for by section 2 of this act, . . and shall give notice of such designation to all common carriers subject to the provisions of this act by such means as the commission may deem proper, and thereafter said number, location, dimensions, and manner of application as designated by said commission shall remain as the standards of equipment to be used on all cars subject to the provisions of this act, unless changed by order of said interstate commerce commission, to be made after full hearing and for good cause shown; and failure to comply with any such requirement of the interstate commerce commission shall be subject to a like penalty as failure to comply with any requirement of this act: provided, that the interstate commerce commission may, upon full hearing and for good cause, extend the period within which any common carrier shall comply with the provisions of this section, with respect to the equipment of cars actually in service upon the date of the passage of this act." In ground 6 of the motion for a new trial the defendant contended that the verdict was contrary to law and to the evidence, and was unsupported by the evidence, because there was no evidence as to what requirements had been made by the interstate-commerce commission under section 3 as to the "number, dimensions, location, and manner of application of the

appliances" required by section 2, and because it was not shown by the evidence what requirement of the commission as to hand-brakes had been violated by the defendant, nor that the commission had made no requirement in reference to such appliance. In this connection it was insisted that even if it be proper to treat the case as an action for a violation of the act of 1910, it was incumbent upon the plaintiff to show the failure on the part of the defendant to observe the requirements of the interstate-commerce commission made in pursuance of section 3 of this act. We can not agree that it was necessary for the plaintiff to allege and prove the violation of any rule of the interstate-commerce commission. The authority granted to that tribunal under the provisions above quoted conferred no power to dispense with a compliance with the statute as to the equipment of cars with efficient hand-brakes. Upon this point it was sufficient to allege and prove that the particular car was not so equipped. The plaintiff's right to recover depended upon proof of a violation of the statute, and not of a rule of the interstate-commerce commission. While it is the duty of the interstate-commerce commission not only to provide for standardization, but also to enforce the provisions of the act (see section 6), a compliance with its orders would not necessarily be a compliance with the statute. The observance of reasonable regulations promulgated by that authority would in every case be the minimum of what the railroad should do within the law, but might not be the maximum. The commission could not require less than "efficient hand-brakes." Ill. Central R. Co. v. Williams, 242 U. S. 462 (37 Sup. Ct. 128, 61 L. ed. 437).

3. There was evidence tending to show that among the parts of the particular hand-brake which the plaintiff was attempting to manipulate were the usual brake-staff extending perpendicularly at the end of the car, with the brake-wheel at the top of it, and a brake-rod passing laterally under the car and connected with the brake-staff by means of a chain. The chain was securely fastened to the brake-staff, upon which it would wind on the turning of the brake-wheel. At the other end of the chain, a link of it engaged a hook in the shape of the letter "J" on the outer extremity of the brake-rod. On the occasion in question the chain had in some way become disconnected from the hook and was dangling, a fact which was unknown to the plaintiff, and when he

undertook to apply the brake by turning the brake-wheel, it gave little or no resistance to the force which would have been necessary to accomplish the operation intended. The result was that he lost his balance and fell to the ground and was injured. It was not shown that any of the mechanisms comprising the brake were broken or out of repair, and the sole question at issue was whether the manner of the connection between the chain and the brake-rod was compatible with the standard of efficiency enjoined by the statute. This connection, as we have seen, was by an engagement between the hook and a link of the chain. There was testimony from several witnesses tending to show that, in the movement of cars having brakes and appurtenances of the type herein described, the chain would slip out of the hook occasionally. While this was an infrequent occurrence, it would at times happen and might be expected. This resume of the evidence, or some part of it, will be material in the consideration of each of the remaining questions to be decided.

The defendant contends that the court committed error in rejecting evidence offered by it for the purpose of showing that a majority of the cars in the service of other railroads of the country are equipped with the "J," or "open," style of hook, as a connection between the chain and the brake-rod; that all companies have at least some cars equipped with this kind of hand-brake, and that, in the general railroad industry, it is a standard appliance. There was no error in rejecting this evidence. Proof of what was generally done by other railroad companies could have had absolutely no bearing upon the case unless to illustrate the question of the defendant's diligence or want of negligence in making use of the particular appliance; whereas, if this appliance was not efficient within the meaning of the statute, the defendant's liability would not depend upon any question of its diligence or negligence respecting the matter. The duties imposed by the statutes which have been enacted by Congress for the safety of employees are absolute, and it is not an ingredient of a cause of action in favor of an employee for injury resulting from a violation thereof that the railroad had not exercised prudence toward complying with the law. In Spokane &c. R. Co. *v.* Campbell, 241 U. S. 497 (36 Sup. Ct. 683, 60 L. ed. 1125), the Supreme Court of the United States said: "It is insisted that there was no evi-

dence that the provision of the safety-appliance act respecting train brakes was violated. It is, of course, settled, that if the equipment was in fact defective, or out of repair, the question whether this was attributable to the company's negligence is immaterial." See also St. Louis &c. R. Co. v. Taylor, 210 U. S. 281, 294 (28 Sup. Ct. 616, 52 L. ed. 1061, 1067); Chicago &c. R. Co. v. U. S., 220 U. S. 559, 575 (31 Sup. Ct. 612, 55 L. ed. 582, 588); Texas &c. R. Co. v. Rigsby, 241 U. S. 33, 43 (36 Sup. Ct. 482, 60 L. ed. 874, 878); and compare Lime-Cola Co. v. Atlanta & West Point R. Co., 34 Ga. App. 103 (128 S. E. 226). The sole inquiry under the evidence was whether the railroad company had complied with the law, and this issue was to be settled only by a determination of the question of whether its car was equipped with an efficient hand-brake. So we are of the opinion that the court did not err in excluding the evidence referred to. See further, in this connection, Baltimore &c. R. Co. v. Groeger, 266 U. S. 521 (45 Sup. Ct. 169, 69 L. ed. 419).

4. The defendant offered evidence also to show that, although the interstate-commerce commission had dealt with the matter of hand-brakes and had prescribed the design of the brake-chain and the manner of connecting the chain to the brake-staff, it had made no ruling or regulation either condemning or approving the connection between the chain and the brake-rod by means of link and open hook. The court excluded this evidence, and this ruling is made the subject of one of the grounds of the motion for a new trial. It is argued that many years have elapsed since the matter was, by the act of 1910, committed to the commission for determination, and that the fact of the commission's having taken no action regarding it during this period would at least have authorized the inference of the commission's approval. While it is true that the interstate-commerce commission is the tribunal to which has been entrusted the enforcement of the safety-appliance acts, and that where the commission has actually entered a given field its construction of the pertinent provisions of the statute will be persuasive upon the courts, we are of the opinion that its mere failure to pass upon a matter within its jurisdiction should not be taken as an implied approval of something it might either have approved or have condemned. Even if, in this view, we are in error, it would seem that the express or implied construction of

37

that authority would not be matter for submission to a jury, but would be referable only to the courts for their consideration in interpreting the law. *City of Columbus* v. *Ogletree,* 102 *Ga.* 293 (29 S. E. 749); *City Council of Augusta* v. *Augusta &c. Ry. & Electric Corp.,* 150 *Ga.* 524 (104 S. E. 505). In Great Northern Ry. Co. *v.* Donaldson, 246 U. S. 121 (38 Sup. Ct. 230, 62 L. ed. 616), an action for injury from a violation of the Federal boiler-inspection act, the Supreme Court of the United States said: "Nor can we agree with the contention of the plaintiff in error that, so long as the large button-head had not been disapproved by the government inspector, such fact is conclusive of the sufficiency of the type in use. We find nothing in the boiler-inspection act to warrant the conclusion that there is no liability for an unsafe locomotive, in view of the provisions of section 2 of the act, because some particular feature of construction, which has been found unsafe, has not been disapproved by the Federal boiler inspector." True, this was not to hold that the fact that the button-head had not been disapproved by the proper governmental agency might not be evidentiary of the sufficiency of this accessory. On the other hand, it was not to rule that a failure to condemn should be taken as an approval. Assuming that the rules and regulations of the interstate-commerce commission may be submitted to the jury for their consideration as questions of fact, it is our opinion that such a practice should not be permitted where the railroad is claiming an inference of its implied approval of a given appliance merely from the fact that the commission has failed for any period to promulgate any order or regulation concerning it. It seems that this case should be distinguished from Davis *v.* Manry, 266 U. S. 401 (45 Sup. Ct. 163, 69 L. ed. 350). That case involved the question of whether the statutory requirement that all cars having ladders should be equipped with grab-irons on their roofs at the tops of such ladders should be held applicable to tenders. The interstate-commerce commission had made a regulation, the effect of which was to construe the statute as not applying to tenders. The sole question for determination was whether a tender should be regarded as a car having a roof, and the commission had made a decision of that question. In the present case there has been no specification by the commission as to what would be a proper connection between the chain and the brake-rod as parts of a hand-brake.

However, since there is nothing either in the statute or in any rule of the interstate-commerce commission forbidding the link and hook connection, the mere fact that it was used would not amount to an infringement of the law, provided that with it the brake was still efficient. The use of such connection would be a proper matter for consideration, with the other facts of the case, in determining the question of the liability of the railroad company, but could not be made the sole ground of liability. If, from the character of this connection and the manner of its operation, it appeared, as a matter of fact, that the brake was not efficient, the plaintiff was entitled to a finding that the safety-appliance act had been violated. While the burden was on the plaintiff to prove a violation of the act by the defendant, he was not bound to show that any particular contrivance was necessary to make the brake efficient. Conversely, where the interstate-commerce commission had not made any specification as to the connection between the particular parts of the device, the defendant was at liberty to employ any arrangement that would prove efficient in the eyes of the law. Baltimore &c. R. Co. v. Groeger, supra. The Federal statutes enacted for the safety of employees are to be liberally construed "to relieve trainmen of the labor and danger involved in the use of hand-brakes to control the speed of trains and to promote the safety of trains and of persons and property thereon." N. Y. Central R. Co. v. U. S., 265 U. S. 41. It is our opinion that the court did not err in refusing to allow proof that the interstate-commerce commission had not disapproved the connection between the chain and the brake-rod by means of the open hook as explained above. Our conclusion would be the same if the evidence referred to in both this and the preceding division should be considered as having been offered together, and even though it might be said that the evidence was offered only for the consideration of the court in the construction of the statute or in determining whether it would give judgment as a matter of law that the statute was complied with. In this view, no question arises as to what effect should have been given either by the court or by the jury to the commission's approval of the particular mechanism, if the fact of such approval had been duly established.

In ruling as above, we have dealt with the question of the ad-

missibility of the evidence on its merits as it has been presented by counsel for the railroad without passing upon the propriety of the method by which the defendant attempted to make the proof which the court declined to allow. But is it not true that the evidence which the defendant brought was secondary and inferior and subject to be excluded as a violation of the best-evidence rule? The defendant's mechanical engineer was interrogated as to whether he was "familiar with the requirements of the interstate-commerce commission with reference to these brakes," to which he replied: "Yes, sir, it is n.y duty to see that those requirements are complied with by our road." To a further question he answered, "They have never prescribed any design or details of the hand-brakes, brake-rod, in its connection to the chain." He was then asked if a certain paper exhibited by counsel and designated as "plate A" covered "what they have prescribed." This paper was a print containing words, figures, and drawings, and purported to relate to car hand-brakes, but it was in no way certified and was not shown to have been a part of any authorized publication of the commission. The witness testified: "This plate 'A' prescribes the design of brake-staff, brake-staff chain, and the manner of connecting the chain to the brake-staff, giving the size of the bolt and the manner in which it is to be secured, and gives the size of the link on the chain which is to connect to the hand-brake and the requirement as to the link. . . There is no requirement whatever specified how that link is to be fastened to the hand-brake rod." The defendant offered no other evidence as to what the commission had done or not done in respect of the contrivance in controversy. It would seem that the proffered evidence was incompetent even if the same facts might have been admissible if established in some other way. See Robinson *v.* Baltimore &c. R. Co., 222 U. S. 506 (32 Sup. Ct. 114, 56 L. ed. 288) ; *Hill* v. *Atlanta,* 125 *Ga.* 697 (2) (54 S. E. 354, 5 Ann. Cas. 614).

5. The evidence authorized the verdict, and no error of law was committed. The court did not err in refusing a. new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*