· NANCE *et al. v.* DANIEL.

No. 11386.   NOVEMBER 14, 1936.

*J. C. Savage, Bond Almand,* and *C. W. Bergman,* for plaintiffs.
*B. D. Murphy, assistant attorney-general, G. L. Goode, W. S. Mann, Hugh Howell,* and *S. D. Hewlett,* for defendant.

PER CURIAM. We find no sufficient statement of facts to warrant any action by the court in the plaintiffs' favor. Assuming that we should take judicial cognizance of the proclamation of the Governor, as the plaintiff alleges we may and should do, we still have before us a petition in which, so far as unlawful acts are concerned, it is alleged only that the petitioners are informed and believe that the defendant expects to pay out the public funds of the State in accordance with the proclamation of the Governor, and that "in many respects it appears from said proclamation the

payments therein ordered to be made by the Governor are not authorized by any appropriation made by the General Assembly." The only substantial prayer is that "the defendant be enjoined from paying out any of the public funds of the State of Georgia in his possession, or which may come into his possession, except pursuant to valid appropriations existing and in effect at the present time." The Code requires that "All suits in the superior courts for legal or equitable relief or both shall be by petition addressed to the court, signed by the plaintiff or his counsel, plainly, fully, and distinctly setting forth the cause of action." Code, § 81-101. In *Everett* v. *Tabor,* 119 *Ga.* 128 (46 S. E. 72), it was said: "1. A complainant seeking extraordinary equitable relief must make a case which does not rest upon doubtful or disputed principles of law; for an injunction will not usually be granted where his right thereto is not clear. 2. In all cases the complainant must establish the existence of the fraud or fact on which his right to interlocutory relief is based, and show the necessity for injunction in order to preserve rights or to prevent irreparable injury." In *Cothran* v. *Scanlan,* 34 *Ga.* 555, it was said: "We recognize the doctrine that the same precision is not required in equity pleadings which is exacted at law; but, even in equity, the averments must be sufficiently certain that issue may be taken thereon. . . 'The same precision, I know, is not required in equity pleadings that is exacted at law,'" yet a petitioner "'must state something substantial. The facts must be so stated as to be issuable. Defendant must be notified of the facts out of which the plaintiff's equity springs, and which he is to controvert.'" See also *McGehee* v. *Jones,* 10 *Ga.* 127; *Tuggle* v. *Tuggle,* 52 *Ga.* 475. "The statements of a bill must have, at least, such a degree of certainty, that if admitted to be true, some decree may be rendered upon them." *Caldwell* v. *Dulin,* 22 *Ga.* 4 (3). In the early history of this court, the following statement was made by Judge Nisbet in *Murphy* v. *Lawrence,* 2 *Ga.* 257: "In this State we have abolished the technical forms and requirements of the old English pleadings. England has followed our example in this respect, and has by rules and acts of Parliament greatly simplified her pleadings. But in the reform which our statute has introduced, we are not to seek, because we shall not find, the abolition of this great law of pleading, to wit, the facts must be so plainly

and fully and distinctly set forth as to inform the opposite party of the grounds of the plaintiff's action, to enable the jury to find an intelligible and complete verdict, and to enable the court to declare distinctly the law of the case." If the great jurist who delivered the opinion in that case could have had reference to the case now before the court, he could not have used language more fitly applicable to it, with reference either to the allegations of fact or to the prayers founded thereon.

The plaintiff alleges that "in many respects" the payments ordered by the proclamation are not authorized by any appropriation act. This amounts to a solemn admission in the pleadings that in some respects the payments would be authorized. What is the duty of the court in such case? Must it examine all of the various statutes which may be thought to contain appropriations, and then determine in what respects the proclamation may be followed and in what respects it may not be followed, without any suggestion in the petition as to what particular payments the plaintiff is seeking to have enjoined? The constitution provides that "no money shall be drawn from the treasury except by appropriation made by law," and this means an appropriation by an act of the General Assembly. Certainly the proclamation of the Governor could not serve as a substitute for an appropriation act where none existed, and could not otherwise add to the authority of the State treasurer in reference to the public funds. There are, however, as the petition concedes, certain continuing appropriations authorizing the disbursement of the public funds for various purposes without a general appropriation act. As an example of continuing appropriation law, we mention section 89-701 of the Code, which provides as follows: "The various sums of the annual salaries of all the officers of this State, whose salaries are fixed by law, are hereby appropriated annually to pay said officers until said salaries are changed by law." Another has reference to the cigar and cigarette tax, the net proceeds of which are "appropriated to the payment of pensions due or hereafter to be due to Confederate soldiers and their widows under such present or future laws as may grant such pensions." Code, § 92-2219. Many similar statutes could be cited; but it is sufficient for the present purpose to call attention to only one other provision of law among those of this type, namely § 92-3604, which declares, that, "As to those

departments, branches, agencies, commissions, and bureaus of the State government which under the law can only assess a sufficient amount of fees, licenses, penalties, etc., to support such department, commission, board, bureau, agency, or branch of government, all assessments levied for such support shall be the maintenance appropriation of such department, board, bureau, agency, or branch for each year."

There is one section of the Code which on a superficial construction might be thought to militate against the validity of continuing appropriations. This statement refers to section 47-502, which provides as follows: "All general appropriation bills, in addition to the customary itemized statements of the amounts appropriated for the usual expenses of the executive, legislative, and judicial departments of the Government, and for the support of the public institutions and educational interests of the State, shall contain also a like itemized statement of all amounts appropriated by any previous law to be paid annually out of the treasury; and such amounts so appropriated by previous laws shall not be paid from the treasury, unless they are embraced in the general appropriation act." This section, however, does not contain a constitutional provision, but embraces a mere act of the legislature and therefore it should be construed in connection with the other statutes relating to appropriations. As shown by its own terms, this section presupposes the existence of a general appropriation act, and its proper interpretation is that where such an act has been passed, continuing appropriations are suspended unless they are embraced therein; but if no general appropriation act has been adopted, then the continuing appropriation statutes may be followed, so far as applicable, in the disbursement of State funds. State v. Staub, 61 Conn. 553 (23 Atl. 924); Jeffreys v. Huston, 23 Idaho, 372 (129 Pac. 1065); Falk v. Huston, 25 Idaho, 26 (135 Pac. 745); 59 C. J. 259.

From these observations regarding the law, we think it clearly apparent that the court could not frame a valid decree upon such a general and indefinite petition as was filed by these plaintiffs. It is axiomatic that a decree in a party's favor must be based upon his allegations and prayers; and if the decree is injunctive, it ought to apprise the defendant of what it is that he shall abstain from doing. "The decree can not be more definite than the bill

[petition], and if rendered could not be enforced for uncertainty," where the pleading itself is too uncertain. *Shockley* v. *Davis,* 17 *Ga.* 177, 179 (63 Am. D. 233). If the court in this case should decree in terms of the petition that the proclamation of the Governor "in many respects" ordered payments that are not authorized by an appropriation law, and that the defendant be enjoined from paying out any of the public funds "except pursuant to valid appropriations existing and in effect at the present time," such decree would itself be void for uncertainty and would neither bind nor instruct the defendant in reference to what he may and may not legally do in following the proclamation of the Governor. We think the plaintiffs should have stated in their petition the respects in which they deem the proclamation to be contrary to law, in order that if their contentions were sustained some definite and intelligible decree might be entered.

A further insurmountable defect in this petition is that it alleges only the plaintiffs' information and belief that the defendant expects and intends to comply with the proclamation, without averring as a fact that he expects and intends to do so. An averment that complainants are informed and believe that a fact exists is a mere statement as to their information and belief, and is not equivalent to positive allegation of the fact itself. *McLendon* v. *Hooks,* 15 *Ga.* 533; *Taylor* v. *Harp,* 37 *Ga.* 359; *Jones* v. *Macon & Brunswick R. Co.,* 39 *Ga.* 138; *Hone* v. *Moody,* 59 *Ga.* 731; *Landes* v. *Globe Planter Mfg. Co.,* 73 *Ga.* 176; *McKenzie* v. *Thomas,* 118 *Ga.* 728 (6), 737 (45 S. E. 610). "A mere statement that the plaintiff is informed, or is informed and believes, puts in issue only his information and belief, and not the truth or falsity of the facts thus referred to." Murphy *v.* Murphy, 189 Ill. 360, 366 (59 N. E. 796); Memphis & Charleston R. Co. *v.* Woods, 88 Ala. 630 (7 So. 108, 7 L. R. A. 605, 16 Am. St. R. 81); Quinn *v.* Valiquette, 80 Vt. 434 (68 Atl. 515, 14 L. R. A. (N. S.) 962). "The pleader must allege the fact on information and belief, and not that he is informed and believes that the fact exists." 21 C. J. 395, § 410. See also 10 R. C. L. 414, § 169. The defendant in this case could well admit that the plaintiffs have been informed and believe that he intends to follow the proclamation, without in any manner conceding that he has such intention or that he will do so unless enjoined. Accordingly, the

plaintiffs failed to allege an essential fact in the assertion of their claim for injunctive relief.

The court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur, except Bell, J., who dissents.*

BECK, P. J., concurs in the result.

BELL, Justice, dissenting. The parties will be referred to as the plaintiffs and the defendant, according to their position in the court below. The court sustained a general demurrer and dismissed the petition. This being the only judgment under review, questions of form and particularity, which are matters for special demurrer, are not in the case as presented to this court, but the determinative inquiry, embracing, however, a number of subordinate questions, is whether the petition was good in substance for any relief. The opinion as delivered by the majority holds that the petition was too vague and indefinite to make an issue or form the basis for a decree; and in this view it was unnecessary to pass upon the other questions. Certainly in every suit the averments must be sufficiently definite that issue may be taken thereon and that an intelligible decree may be entered; but the writer is unable to agree that the instant petition does not comply with this rule. It is insisted by counsel that the petition does not even show that the defendant J. B. Daniel is the same Daniel who is the State treasurer or the acting State treasurer of the State of Georgia. It is unnecessary to allege facts which are of such common or public knowledge that the courts will take judicial notice of them. The courts are bound to take cognizance of who are the incumbents in the public offices of the State, holding commissions under the Governor; and so, in this case, the court should know that at the time the suit was filed J. B. Daniel was the incumbent of the office of State treasurer. *Ponder* v. *Shumans,* 80 *Ga.* 505 (2) (5 S. E. 502); *Abrams* v. *State,* 121 *Ga.* 170 (48 S. E. 965); *Bailey* v. *McAlpin,* 122 *Ga.* 616 (50 S. E. 388); *Glover* v. *Morris,* 122 *Ga.* 768 (5), 774 (50 S. E. 956). Again, under the rule that courts will take judicial cognizance of orders and proclamations of the chief executive regarding the public affairs, this court should take notice that on February 17, 1936, the Honorable Eugene Talmadge, as Governor of this State, issued a proclamation pur-

porting to direct how the public funds of the State should be disbursed, in the absence of a general appropriation law covering the year 1936, and should judicially know the instructions given therein to the State treasurer and the comptroller-general. *Ragland* v. *Barringer*, 41 *Ga.* 114; *Central of Georgia Ry. Co.* v. *Gwynes*, 153 *Ga.* 606 (113 S. E. 183) ; Heyward *v.* Long (S. C.), 183 S. E. 145; 23 C. J. 101; 15 R. C. L. 1109, § 40; 6 R. C. L. Supp. 4041, § 40.

These propositions do not seem to be controverted in the present case, counsel on each side having attached to their brief a copy of the proclamation last mentioned, and having argued the case as if such .proclamation had been contained in the pleadings. With judicial knowledge of these facts and with the petition alleging that the defendant J. B. Daniel is in possession of public funds of the State of Georgia amounting to several millions of dollars, and that the plaintiffs are informed and believe it is the intention of the defendant to pay out such funds or a part of them in compliance "in all respects with said proclamation," the court should have no difficulty in construing the petition as a suit against the person who was at the time the acting treasurer of the State of Georgia. It must be conceded that the petition was loosely drawn, and that it might have been subject to criticism by special demurrer in a number of respects; but, as stated above, its sufficiency to withstand a general demurrer is the only question for decision under the writ of error. Averments of information and belief, without an allegation on such information and belief that the fact referred to exists, may or may not be subject to general demurrer, depending on the nature of the fact in question and the other circumstances. *McLendon* v. *Hooks*, 15 *Ga.* 533; *Taylor* v. *Harp*, 37 *Ga.* 359; *Jones* v. *Macon & Brunswick R. Co.*, 39 *Ga.* 138; *Lee* v. *Clark*, 49 *Ga.* 81; *Hone* v. *Moody*, 59 *Ga.* 731; *Landes* v. *Globe Planter Mfg. Co.*, 73 *Ga.* 176; *McKenzie* v. *Thomas*, 118 *Ga.* 728 (6), 737 (supra). But in the instant case the alleged information and belief referred to a matter peculiarly, if not exclusively, within the defendant's own knowledge, namely, his own intention; and it also appears that defendant as State treasurer has been expressly ordered by the Governor to do the acts which the plaintiffs are informed and believe he intends to do. The petition as a whole thus showed such reasonable probability of

actual disbursements, in accordance with the proclamation, that the complaint was not fatally defective and subject to general demurrer merely because the allegations as to information and belief were not accompanied by a specific statement that the information or belief is true as a matter of fact, whether or not it might have been subject to special demurrer upon this ground. *Richmond Cotton-Oil Co.* v. *Castellaw,* 134 *Ga.* 472 (4) (67 S. E. 1126) ; *Long* v. *Railroad Commission of Georgia,* 145 *Ga.* 353, 355 (89 S. E. 328) ; 32 C. J. 42, § 22; Brashear *v.* Madison, 142 Ind. 685 (36 N. E. 252, 42 N. E. 349, 33 L. R. A. 474) ; Grass *v.* Big Creek Development Co., 75 W. Va. 719 (84 S. E. 750, L. R. A. 1915E, 1057) ; Memphis & Charleston R. Co. *v.* Woods, 88 Ala. 630 (7 So. 108, 7 L. R. A. 605, 16 Am. St. R. 81) ; 32 C. J. 42, § 22; 49 C. J. 38, § 14; 10 R. C. L. 414, § 169; 21 R. C. L. 486, § 49. Again, what might on first thought seem to be a statement too indefinite to make an issue is the allegation "that in many respects it appears from said proclamation the payments therein ordered to be paid by the Governor are not authorized by any appropriation made by the General Assembly;" but this averment refers to matters of law, and a party suing in a Georgia court is not required to plead the law of this State. The defendant is presumed to know the law, and the courts must know it. The court knows as a matter of law that the legislature did not pass a general appropriation act for the year 1936, and, having legally before it the contents of the proclamation, would be able to determine in what respects the State treasurer may and may not legally follow such proclamation, in disbursing the public funds without a general appropriation act. In support of the statement that a party need not plead the law, see *Gainesville Midland Railway* v. *Vandiver,* 141 *Ga.* 350 (80 S. E. 997) ; *Youmans* v. *Georgia & Florida Ry. Co.,* 142 *Ga.* 781 (83 S. E. 784) ; *Atkinson* v. *Hardaway,* 10 *Ga. App.* 389 (6) (73 S. E. 556) ; *Western & Atlantic R.* v. *Meister,* 37 *Ga. App.* 570 (140 S. E. 905) ; Handy *v.* Globe Pub. Co., 41 Minn. 188 (42 N. W. 872, 4 L. R. A. 466, 16 Am. St. R. 695) ; Sanborn *v.* People's Ice Co., 82 Minn. 43 (84 N. W. 641, 51 L. R. A. 829, 83 Am. St. R. 401) ; Peru *v.* Barrett, 100 Me. 213 (60 Atl. 968, 70 L. R. A. 567, 109 Am. St. R. 494) ; Bradbury *v.* Chicago &c. R. Co., 149 Iowa 51 (128 N. W. 1, 40 L. R. A. (N. S.) 684).

"A general demurrer goes to the whole pleading to which it is addressed, and should be overruled if any part thereof is good in substance. The bad part in pleading does not make the whole bad; the good part makes the whole good enough to withstand a general demurrer." *Blaylock* v. *Hackel*, 164 *Ga.* 257 (5) (138 S. E. 333). So in the present case, if it should be determined that the proclamation required the payment of any funds at all which can not be lawfully disbursed without a general appropriation act, the petition will to that extent be good in substance and sufficient to withstand a general demurrer, so far as definiteness of pleading is concerned.

Under the foregoing principles, the allegations, considered with facts of which this court should take judicial cognizance, contained enough to show that some of the proposed expenditures will be illegal and unwarranted under the constitution and laws of this State, and to authorize the framing of a definite and understandable decree accordingly, provided the suit is otherwise maintainable. The various other questions have been carefully considered by the writer, but they will not be discussed in this dissent, since, in the view of the majority, it has been unnecessary to make any ruling upon them in the decision as rendered.