26521. DONALDSON *v.* GREAT ATLANTIC & PACIFIC TEA COMPANY *et al.*

DECIDED DECEMBER 3, 1938.

*Burress & Dillard, Hewlett & Dennis,* for plaintiff.
*Bryan, Middlebrooks & Carter, Hirsch & Smith,* for defendants.

STEPHENS, P. J. 1. Where an act which is in violation of a statute is alleged as the foundation of the plaintiff's right to recover, and where the act by reason of its being in violation of the statute constitutes negligence per se, it is not essential to the plaintiff's right to rely upon the act as constituting negligence per

se to plead the statute and to allege that the act complained of was a violation thereof. *Gainesville Midland Ry.* v. *Vandiver,* 141 *Ga.* 350 (80 S. E. 997); *Youmans* v. *Georgia & Florida Ry. Co.,* 142 *Ga.* 781 (83 S. E. 784); *Atkinson* v. *Hardaway,* 10 *Ga. App.* 389 (73 S. E. 556); *Western & Atlantic R. Co.* v. *Meisler,* 37 *Ga. App.* 570 (140 S. E. 905). In a suit against a retailer of groceries and meats, where it is alleged in the petition that the defendant sold some pig's liver to the plaintiff's daughter, which on the same day was cooked and eaten by her family, all of whom, including the plaintiff, became suddenly ill on the following morning; that at the time of being sold the liver was in a deleterious and unwholesome condition, was contaminated by infectious matter, and was in a decomposed condition, unfit for food, and poisoned the plaintiff, and that the defendant was negligent in not inspecting the liver, in holding it out as fresh and wholesome when it was not fit for human use, in not warning the plaintiff's daughter or the plaintiff of the unwholesome condition of the liver, and in selling to her daughter for human consumption the liver in the unwholesome condition described, "which was a violation of State law," the petition is sufficient to authorize a recovery for a violation by the defendant of the statutory duty resting upon him contained in the provisions of the pure-food law of this State, Code, §§ 42-109, 42-115, 42-9901, making it a violation of law for him to sell an article of food in the unwholesome and deleterious condition described in the above allegations of the petition. *Donaldson* v. *Great Atlantic & Pacific Tea Co.,* 186 *Ga.* 870 (199 S. E. 213).

2. Any portion of an animal, such as pig's liver, which is decomposed or putrid, is an adulterated article of food and is unfit for food as provided in Code, § 42-109, and the sale of which is made penal under Code, § 42-9906. While this act itself may give no right of action against a dealer who sells such adulterated article to a customer who is made ill by its consumption, the sale of such article in violation of this act constitutes negligence per se. A retail dealer who sells such adulterated food, the sale of which is prohibited by the pure-food law, where he has not established a guaranty from the manufacturer as provided in the Code, § 42-115, to the effect that the article is not adulterated within the meaning of the pure-food act, although he had no knowledge of the unfit condition of the article sold and was not negligent with respect

thereto, sells the article of food in violation of the pure-food act, and he is liable in damages to the person who is made sick by eating such food without fault on his part. See the answers to certified questions by the Supreme Court in this case, *Donaldson* v. *Great Atlantic & Pacific Tea Co.,* supra.

3. On the trial of a suit against a dealer by a person alleged to have been made ill from eating alleged adulterated food such, as pig's liver, sold by the defendant, the sale of which is made penal under the pure-food act, which was negligence per se, where the evidence authorized an inference that the food was unfit for food, decomposed or putrid, and was therefore unfit for human consumption, and was therefore adulterated as defined in the act, and that the plaintiff by reason of that condition of the food was made sick from eating the food, it was error for the court to instruct the jury that if the defendant exercised ordinary care in connection with the sale of the food the plaintiff could not recover.

4. Where a verdict was found for the defendant the court erred in overruling the plaintiff's motion for new trial.

*Judgment reversed.   Sutton, J., concurs.   Felton, J., dissents.*

FELTON, J., dissenting. The petition contained only one allegation which would bring into operation the pure-food statute, and that is that the liver was "decomposed." The evidence showed that the liver looked all right, smelled all right, and tasted all right. I do not think the fact that it would make people sick is sufficient evidence to authorize a finding that it was decomposed. I think the expression "any portion of an animal unfit for food" means a part of an edible animal not used as food, or part of an animal no part of which is used for food. The pure-food statute specifically covers diseased animals and those dying otherwise than by slaughter. In this view I think a charge of the pure-food law would have been unauthorized. The sole questions in the case were whether the liver was in a deleterious and unwholesome condition, whether it was contaminated by infectious matter and unfit for food, and whether the defendant was negligent. There was no question under the evidence as to whether the pure-food law was violated.