WILLIAM HONE & Co. *et al.*, plaintiffs in error, *vs.* JACOB H. MOODY *et al.*, defendants in error.

Where the only verification of the bill for injunction and receiver is the affidavit of counsel, which fails to show that he knows any of the facts alleged of his own knowledge, but that all he swears is founded merely on his belief, this court will not reverse the judgment of the chancellor refusing the injunction and the appointment of a receiver.

Injunction and receiver. Practice in the Superior Court. Before Judge HARRIS. Appling County. At Chambers. April 25, 1877.

Reported in the opinion.

G. J. COLTON; J. I. CARTER ; G. B. MABRY, by R. N. ELY, for plaintiffs in error.

JOHN D. RUMPH, by brief, for defendants.

JACKSON, Judge.

This was a bill praying for an injunction and the appointment of a receiver. The chancellor declined to grant the prayer, and the complainants excepted.

The sole verification of the facts alleged is the affidavit of the counsel for the complainants, which is in the words following :

" Georgia—Appling county.

"In person appeared before me, B. D. Mobley, clerk of the superior court of Appling county, Georgia, G. B. Mabry, one of the solicitors for complainants in the foregoing bill, who, being duly sworn, deposes and says that the facts set forth in the foregoing bill, so far as they relate to his own act and deed are true, and so far as they relate to the acts and deeds of any other person or persons, he believes them true."

On inspecting the bill and examining the facts therein set out, it does not appear that the solicitor who made the above affidavit, was concerned in a single act or deed therein alleged against the defendants thereto; so that he swears to no fact of his own knowledge, but all the allegations are only verified by his belief.

The writ of injunction, in respect to the sale of property, (to enjoin which sale is the prayer of this bill,) is a harsh and strong proceeding against the regular course of trade and the common right of the citizen, and it should never be granted except upon evidence satisfactory to the chancellor ; and the wresting of an estate from the regular course of administration, to place the effects of the intestate in the hands of a receiver, is equally harsh and, if there be any difference, is still more reluctantly done, and should never be done ex-cept in a strong case, well verified. 36 *Ga.*, 666. There was absolutely no evidence before the chancellor in this case except the mere belief of one of the complainants' counsel, which may have been founded, for aught that this record discloses to the contrary, upon hearsay alone. The chancel-lor was right to refuse the application on this ground, and such being the case, it is unnecessary to examine the bill to see whether the facts therein alleged, if properly verified, would make a case for equitable interference.

In the case of a motion to dissolve an injunction this rule is well settled. 3 *Kelly*, 435. 8 *Ga.*, 197; 15 *Ib.*, 533; 19 *Ib.*, 277; 24 *Ib.*, 636 ; 30 *Ib.*, 931.

In 33 *Ga.*, 138, it is true that the court rule that an affidavit by one of the parties, in language like this, is sufficient; but the party making the affidavit there was an active participant in the main transaction, and knew many facts as his own act and deed.

In 37. *Ga.*, 358, it was held that an executor, who had not participated in the transactions, and who swore from belief, could not verify the facts so as to procure an injunction; and in 39 *Ga.*, 139, it was held that a charge on information received from others was insufficient. .

See, also, 24 *Ga.*, 406; 25 *Ib.*, 629; 23 *Ib.*, 480; on *ne exeats* and on injunctions, 49 *Ga.*, 81. The reason of the rule is sound. Any other rule would allow counsel to procure an injunction for their clients on belief founded on mere rumor.

Judgment affirmed.