### JONES *v.* KIMBROUGH, BICKERS & COMPANY.

BECK, J. 1. The court erred in charging the jury as follows: "To authorize a recovery by the plaintiff in this case, it must appear that the bond was the property of Mary Madison Jones, and it must further appear that Kimbrough, Bickers & Company got possession of the same and converted the same to their use—sold the same and have never paid for the same to Mrs. Jones, or any one else for Mary Madison Jones." Such instructions were calculated to lead the jury to believe that if the defendants received the bond from Mrs. Jones, and converted the same and afterwards paid for it by making payment to Mrs. Jones for Mary Madison Jones, the plaintiff, they would not be liable to the plaintiff, without regard to the question as to whether Mrs. Jones had authority to receive such payment or not. Such is not the law, because, if the defendants received this bond from the mother of the plaintiff, knowing that it was the property of the plaintiff, and converted it to their own use, they would not be relieved of liability, although they afterwards paid the value of the bond to Mrs. Jones, the mother of the plaintiff; it not appearing that Mrs. Jones had authority, as trustee or in any other capacity, to consent to the conversion of the bond or to receive payment therefor.

2. The court should not have permitted a witness to testify that he was "satisfied since then that the $500 and $550 notes were paid" (the payment of these notes being a material subject of inquiry), over the objection that the opinion and conclusion of the witness were irrelevant

and inadmissible. The expression, "I am satisfied," while it may be one method of stating the witness's recollection, apparently states an opinion or belief of the witness, based upon hearsay or his own deduction or inference from facts. The witness should state the facts and allow the jury to make the deductions. *Marshall* v. *Pierce*, 136 *Ga.* 543 (71 S. E. 893).

3. The court erred in admitting the following writing in evidence: This is to certify that all claims held by me against B. P. Kimbrough & Co. have been settled in full. Greensboro, Ga., Sept. 6, '98. E. D. Jones or Mrs. E. D. Jones;" it not appearing who actually signed the same. For, if the bond was turned over to defendants, as alleged, by the mother of the plaintiff, and they had knowledge at the time that it was the property of Mary Madison Jones, and they converted it, mere payment of money to Mrs. Jones or to E. D. Jones could not relieve them of liability to Mary Madison Jones for the value of the bond, in the absence of proof that one of the two parties last named had authority to accept payment for the bond; and the jury might have erroneously inferred from the allowance of this evidence that even if the defendants had been in possession of the bond as charged and had converted the same, payment of money equal in amount to the value of the bond to Mrs. Jones or to E. D. Jones would be a discharge of their liability for such conversion.

4. Where it was charged in the petition of the plaintiff that her mother had, without authority, delivered a bond, which was the property of the plaintiff, to the defendants, and that they had converted the same to their own use, and the defendants pleaded: "If defendants used said bond, the same was duly accounted for to Mrs. Minnie K. Jones [the mother of petitioner], and she was paid full value for the same. If the same was used by them, it was a purchase of said bond from Mrs. Jones without notice to defendants that this plaintiff or any one else had any title or interest in the same, and primarily it is the duty of this petitioner to proceed against said Mrs. Minnie K. Jones," such plea was demurrable on the ground that "said paragraph is not positive but hypothetical in its averments."

5. Nor was it a valid defense, under the facts recited in the foregoing headnote, that the defendants, at the time of the pleading, were not in possession of the bond, if they had previously committed acts which amounted to a conversion of the bond (*Seago* v. *Pomeroy*, 46 *Ga.* 227); and the paragraph of the amendment to the answer setting up this defense should have been stricken on demurrer.

6. Except as indicated in the foregoing headnotes, no error appears.

*Judgment reversed. All the Justices concur, except Hill, J., not presiding.*

FEBRUARY 27, 1912.

Complaint. Before Judge Lewis. Greene superior court. November 29, 1910.

*Park & Park* and *Samuel H. Sibley,* for plaintiff.

*James Davison* and *Joseph E. Pottle,* for defendants.