### ELLIS *et al.* v. JONES *et al.*

1. Where the officials of a clearing-house, an unincorporated association of chartered banks, formed for the purpose of facilitating the interchange of business and of making out-of-town collections and collections on each other, sends checks belonging to some or all of the component banks to a bank, which is the drawee of the checks, for collection and remittance less current exchange, and the collecting bank undertakes to remit the net amount of such collection by check in favor of the clearing-house, which check is dishonored, the component banks of the clearing-house may jointly maintain against the collecting bank an action on the dishonored check. The rule is not varied because the collecting bank is not an incorporated bank but is a partnership engaged in the business of banking, the action being against the partnership.

2. In a suit by the component banks of a clearing-house association, the manager and cashier of such association are not necessary or proper parties, and should be stricken as plaintiffs.

3. Where the dishonored check declared on is attached to the petition and alleged to have been made by the defendants, and such check purports to have been signed by an individual as cashier, the authority of the cashier to make the check is sufficiently alleged.

4. A petition in which the plaintiff declares against certain parties engaged in the banking business, as partners, is not open to special demurrer on the ground that it is not affirmatively alleged that these individuals constitute all the partners engaged in the business.

5. A plea to the effect that if defendants were partners engaged in a banking business, as alleged by the plaintiffs, then certain other persons were also interested in the same business, and that the action should be abated for failure to join them as defendants, was properly stricken on demurrer.

6. The other special demurrers are without merit.

SEPTEMBER 22, 1915.

Complaint. Before Judge Patterson. Cobb superior court. May 8, 1914.

*G. F. Gober, C. H. Griffin,* and *Clay & Morris,* for plaintiffs in error.

*D. W. Blair* and *Jackson & Orme,* contra.

EVANS, P. J. The petition is by several incorporated banks of Atlanta, who allege themselves to compose the Atlanta Clearing House, an association formed for the purpose of facilitating the interchange of business between them, making out-of-town collections and collections on each other; and by the manager and cashier of the Atlanta Clearing House, and against several defendants as partners, engaged in the banking business at Kennesaw, Georgia, under the firm name and style of the Bank of Kennesaw. The cause of action set out is substantially as follows: On January 3, 1910, the plaintiffs, in the name of the Atlanta Clearing House, sent to the Bank of Kennesaw by mail, for payment, certain described checks drawn on the Bank of Kennesaw, which were received by the Bank of Kennesaw, and were charged to the accounts of the depositors who drew the same; and after deducting the current rate of exchange thereon, the Bank of Kennesaw made its check in payment of this amount, signed by W. P. Whitaker, cashier, on the Fourth National Bank of Atlanta, payable to the Atlanta Clearing House. This check was promptly presented, and payment was refused. Two other similar transactions were set forth as occurring on the 4th and 5th days of January. One of the checks sent for collection and embraced in the last transaction was alleged to have been a cashier's check, purchased by a named person from the Bank of Kennesaw. It was alleged that the three checks made by the Bank of Kennesaw to the Atlanta Clearing House upon the Fourth National Bank of Atlanta, and sent to the clearing-house as payment (less exchange) of the checks sent for collection, were promptly presented, but payment was refused for the reason that the Bank of Kennesaw did not have sufficient funds

with which to pay the same. The petitioners aver that the defendants, operating in the name of the Bank of Kennesaw, are indebted to them in the aggregate sum of the three checks, to wit, $3,303.39, with interest thereon from the 6th of January, 1910; and that the same is long past due, and the defendants fail and refuse to pay the same. The prayer is for judgment for the sum above named. · The defendants demurred generally and specially, and filed a plea in abatement. The court overruled the demurrers to the petition, and struck the plea in abatement; and the defendants excepted.

1. The pleader leaves it in doubt as to whether the action is one for an accounting against the defendants for the checks entrusted to them for collection and remittance, or is one predicated upon the three dishonored checks, which it is alleged were sent by the defendants in payment of the checks entrusted to the Bank of Kennesaw for collection, less the current rate of exchange. There was no demurrer on the ground of duplicity or multifariousness for joinder of different causes of action. There are allegations appropriate to an action both for accounting on the original bailment and for a recovery on the dishonored checks. We will not enter into a discussion as to whether the component banks, or the officers of the clearing-house, may maintain in their joint names an action for an accounting, or whether each bank should sue to recover the particular item belonging to that bank, which was sent to the defendants for collection. The prayer is to recover the amount due, as represented by the three dishonored checks, which is for a less amount than the aggregate checks alleged to have been entrusted.

A clearing-house is a voluntary association of banks for facilitating the mutual interchange of business by affording a convenient method of obtaining daily settlements of balances between the banks forming the association, and also for the purpose of acting as a collecting agency for the component banks. 3 Michie on Banking, § 318. As a voluntary association they can not appear as a party to an action; but where one who deals with such voluntary association, receiving from it checks, which are collected, and undertakes to remit to the association, by check payable to it, the net amount of the collection, the component banks of the association may jointly maintain an action on such check if dishonored.

2. The manager and cashier of the clearing-house are but the agent of the component banks. Where the principal sues, the agent is neither a proper nor a necessary party. The names of the manager and the cashier of the clearing-house as parties plaintiff should have been stricken on special demurrer.

3. A special demurrer makes the point that the petition contains no allegation that W. P. Whitaker, who signed the dishonored checks upon which the action is based, was authorized by the defendants to sign such checks. The allegation is that the Bank of Kennesaw mailed to the Atlanta Clearing House the three checks on the Fourth National Bank of Atlanta, copies of which were attached to the petition. The checks were signed by Whitaker as cashier. The substance of this allegation is that the defendants adopted Whitaker's act as their own; and it was not necessary to go further and allege that the cashier had authority to do the act which by their conduct they had adopted.

4. The plaintiffs declared against the defendants as partners doing business under the firm name and style of the Bank of Kennesaw. This allegation is in substance that the partnership is composed of the defendants, and is not open to special demurrer raising the point that the pleader should have affirmatively alleged that the defendants included all the members of the firm.

5. The defendants filed a plea to the effect that if the defendants were partners engaged in the banking business, as alleged by the plaintiffs, in that event certain other persons were also interested in the same business, and that the action should be abated because of their nonjoinder. Courts deal with actualities, and not with suppositions. If the defendants wished to raise the question that all partners should have been sued, they should have admitted the existence of the partnership.

6. In view of the foregoing rulings, it is not necessary to notice the other special demurrers.

*Judgment affirmed, with direction. All the Justices concur, except Atkinson and Hill, JJ., disqualified.*