## CITY OF ATLANTA *v.* JOHNSON.

No. 13492. October 16, 1940. Rehearing denied November 20, 1940.

J. C. Savage, E. L. Sterne, J. C. Murphy, and *Frank A. Hooper Jr.,* for plaintiff in error.

*Paul H. Butler* and *Durwood T. Pye,* contra.

Grice, Justice. The charter of the City of Atlanta grants to

the mayor and general council the discretion to determine the extent, character, manner, etc., of constructing sewers, and likewise grants to the governing authorities of the municipality the right to levy assessments therefor against the property owners. The manner in which this shall be done is by ordinance, which after its introduction shall before its passage be published in one of the daily papers of the city for at least ten days before its adoption. Acts 1880-1, pp. 358, 361, secs. 8, 9; Acts 1889, p. 956, sec. 6. There is no allegation that this was not done. It is averred that petitioner had no notice of it; but this is not the equivalent of asserting that the law as to the publication of the proposed ordinance was not followed. The plaintiff avers that the action of the city "amounts to confiscation" of her property, but nowhere is the value of her property shown, or the amount of the assessment; and therefore no facts are stated to support the mere conclusion as to confiscation. She does represent that the new sewer will not benefit her or her property in any way whatever; that the present sewer is adequate · for her purposes; and that the new sewer will benefit only those whose property is embraced in a new subdivision near by. Her counsel refers us to *City of Atlanta* v. *Hamlein,* 96 *Ga.* 381 (23 S. E. 408). That decision announces the general rule that the validity of a power conferred upon a municipal corporation to levy local assessments for street improvements against the private property of abutting landowners depends upon whether or not such property, in addition to a benefit common to all the property of the municipality which is supposed to result from such improvement, is in any manner specially benefited by the proposed improvement, but in that same connection declares that ordinarily the question of benefit, whether general or special, is concluded by a distinct legislative declaration specifically authorizing the improvement. In that case a long and narrow strip of land was assessed for paving. The greatest estimated value of the entire property as improved was two hundred and sixty dollars. The amount of the assessment was seven hundred and twenty-one dollars and twenty-eight cents. This court affirmed the grant of a temporary injunction against the collection of the assessment, the opinion containing the statement that "the present is one of those extreme cases." The case of *Mayor & Aldermen of Savannah* v. *Knight,* 172 *Ga.* 371 (157 S. E. 309, 73 A. L. R. 1289), is relied on. There is language in

that opinion which standing alone seems to lend support to the contention of the defendant in error, but the decision itself does not. The facts there were far different, and the reasons for the judgment there rendered find no support in the present record on which to stand. There the abutting-property owner had already been assessed for two thirds of the cost of the old pavement, which was entirely suited for ordinary traffic, and was in good condition until the city permitted a company to operate heavy buses thereon, thus imposing an excessive burden on said paving which made it give way. In the opinion it was pointed out that "If the pavement on this street had become worn out and no longer serviceable from ordinary travel thereover, the city, under the authority conferred upon it, could repave this street and assess the cost of the repavement against the lots of owners abutting thereon." It was also said: "Furthermore, the authority of the city to pave and repave its streets and to assess abutting lots for the cost of the improvement is confined to paving and repaving for ordinary travel over them." That case is not an authority that sustains the position of the defendant in error. *Holst* v. *LaGrange,* 175 *Ga.* 402 (165 S. E. 217), also relied on, was a case of confiscation, the proof showing that the assessment was more than the value of the property. Nothing of that kind appears in the instant case. The judgment now under review must stand or fall upon the issue whether or not allegations that a sewer already in use is amply sufficient to serve the needs of petitioner's property, and that the new sewer will add nothing to her benefit, but is being laid for the sole benefit of other property owners, are sufficient to cause a court of equity to grant her relief. On this general subject our leading case is that of *Speer* v. *Athens,* 85 *Ga.* 49 (11 S. E. 802, 9 L. R. A. 402), where it was ruled that "Benefit to the owner of the real estate assessed, so far as necessary to be passed upon, as well as the necessity or reasonableness of the improvement, being for the determination of the legislature, is concluded by the act authorizing the assessment, and will not be inquired into by the courts unless in extraordinary cases presenting a manifest abuse of legislative authority." That ruling has been followed in numerous decisions. It has been held that the fact that the abutting property may not in its present condition be specially benefited by the construction of the sewer would not render the assessment illegal. *Neal* v. *Decatur,* 142 *Ga.* 205

(82 S. E. 546). It may also be remarked that it is at least open to question whether one's own property is not benefited by providing sewer connections for neighbors across the street. For the municipal authorities so to conclude does not present a manifest abuse of authority, and until that point is reached the courts are powerless to intervene. There is nothing in the present case to take it out of the general rule laid down in the *Speer* case, supra. It was error to overrule the city's demurrer.

*Judgment reversed. All the Justices concur.*