## BAILEY *v.* B. F. COGGINS GRANITE AND MARBLE INDUSTRIES INCORPORATED.

No. 13652. APRIL 18, 1941.

*J. T. Sisk,* for plaintiff. *Raymonde Stapleton,* for defendant.

REID, Chief Justice. The plaintiff, who owns and occupies a residence in the City of Elberton, seeks to enjoin erection by the defendant of a building on premises located across the street and in the vicinity of his residence. He alleges, in paragraph 3: "That on the property of the defendant there are located and in operation three granite processing and manufacturing establishments or sheds, in which said sheds or establishments granite is processed and manufactured by defendant." In paragraph 4: He "is informed and believes that the defendant is now engaged in the act of constructing an additional granite processing and manufacturing establishment or shed on its premises," which he says would extend to a point near his home, and that the defendant is engaged in erecting a foundation and is grading the premises. In paragraph 5: "That *if* the building which the defendant proposes to erect is to be of the approximate type of the granite sheds already occupied by it on its premises," it would be of a certain type such as to shut off winds

and breezes from his home, and that if of that type it would be unsightly, etc. He outlines various objectionable features (dust, noise, smoke, and the like) which would result if the plant should be built and operated as other granite-processing plants are built and operated. He says that such a plant in its operation would "greatly augment" the noises complained of; that is, apparently, the noises from the plants already in operation; and that all of this would cause irreparable damages to him and tend to destroy the value of his property for residence purposes. His exception is to the sustaining of a general demurrer to his petition.

The rules of equity which will be applied in cases where it is sought to enjoin construction of buildings merely contemplated or in the process of completion, on the theory that their use and operation would constitute a nuisance, have been frequently stated by this court. Instances of their application, where relief has been granted or denied as dependent upon whether or not the injuries complained of are speculative and the subject of mere apprehension, are found in the following cases: *Pittard* v. *Summerour,* 181 *Ga.* 349 (182 S. E. 20); *Talmadge* v. *Harvey,* 184 *Ga.* 290 (190 S. E. 926); *Warren* v. *Dickson,* 185 *Ga.* 481 (195 S. E. 568); *Richmond Cotton-Oil Co.* v. *Castellaw,* 134 *Ga.* 472 (67 S. E. 1126); *Bacon* v. *Walker,* 77 *Ga.* 336; *Rounsaville* v. *Kohlheim,* 68 *Ga.* 668 (45 Am. R. 505); *City of Quitman* v. *Underwood,* 148 *Ga.* 152 (96 S. E. 178); *Mygatt* v. *Goetchius,* 20 *Ga.* 350; *Harrison* v. *Brooks,* 20 *Ga.* 537; *Thrasher* v. *Atlanta,* 178 *Ga.* 514 (173 S. E. 817, 99 A. L. R. 158). Although this list is by no means exhaustive, the plaintiff undertakes to make such a case as, under the rules announced in the foregoing authorities, would entitle him to injunction; and on casual examination of his petition it would seem that it should be measured by that yardstick, and would stand or fall as those principles might require. A more careful examination of it, however, discloses that its allegations are insufficient to charge any threatened harm of any character, in that he fails to charge as a fact the erection of a building of any particular kind. He simply says that he is "informed and believes" that a building is about to be erected by the defendant; and that if it should be one of similar size and character to others now being used on premises adjoining the site where foundations have been laid, there would be certain objections; that if it should be used for purposes similar to these

now in operation it would constitute a nuisance, for reasons stated. Nowhere does he charge as a fact, even on information and belief, that such a building is to be erected, or that it would in fact be used for any particular purpose.

It would not be sound or safe to allow a rule of pleading so liberal as to permit indefiniteness and uncertainty in respect to the essential facts of a cause of action or defense. To obviate such indefiniteness those essential facts giving rise to the cause of action must be pleaded directly and positively; and although in certain instances a fact not within the personal knowledge of the complainant may be charged upon information and belief, it must nevertheless be charged as a fact. It is not sufficient to say merely that petitioner "is informed and believes." That the averment must actually be made was held in *Nance* v. *Daniel,* 183 *Ga.* 538 (189 S. E. 21), where it was said: "A further insurmountable defect in this petition is that it alleges only the plaintiffs' information and belief that the defendant expects and intends to comply with the proclamation, without averring as a fact that he expects and intends to do so. An averment that complainants are informed and believe that a fact exists is a mere statement as to their information and belief, and is not equivalent to positive allegation of the fact itself. *McLendon* v. *Hooks,* 15 *Ga.* 533; *Taylor* v. *Harp,* 37 *Ga.* 359; *Jones* v. *Macon & Brunswick R. Co.,* 39 *Ga.* 138; *Hone* v. *Moody,* 59 *Ga.* 731; *Landes* v. *Globe Planter Mfg. Co.,* 73 *Ga.* 176; *McKenzie* v. *Thomas,* 118 *Ga.* 728 (6), 737 (45 S. E. 610). 'A mere statement that the plaintiff is informed, or is informed and believes, puts in issue only his information and belief, and not the truth or falsity of the facts thus referred to.' Murphy *v.* Murphy, 189 Ill. 360, 366 (59 N. E. 796); Memphis & Charleston R. Co. *v.* Woods, 88 Ala. 630 (7 So. 108, 7 L. R. A. 605, 16 Am. St. R. 81); Quinn *v.* Valiquette, 80 Vt. 434 (68 Atl. 515, 14 L. R. A. (N. S.) 962). 'The pleader must allege the fact on information and belief, and not that he is informed and believes that the fact exists.' 21 C. J. 395, § 410. See also 10 R. C. L. 414, § 169." Facts essential to the cause of action should be pleaded positively and in traversable form, not hypothetically. 21 C. J. 394. In *Ellis* v. *Jones,* 144 *Ga.* 120, 123 (86 S. E. 317), it was ruled: "A plea to the effect that if defendants were partners engaged in a banking business, as alleged by the plaintiffs, then cer-

tain other persons were also interested in the same business, and that the action should be abated for failure to join them as defendants, was properly stricken on demurrer." The opinion contained the statement: "Courts deal with actualities, and not with suppositions." In *Jones* v. *Kimbrough,* 137 *Ga.* 638 (4) (74 S. E. 59), the rule against hypothetical averments was applied. Thus we conclude that for the want of sufficient positive averments as to the ultimate facts upon which plaintiff's cause of action must be predicated, the petition was properly dismissed on demurrer.

*Judgment affirmed. All the Justices concur.*