FORRESTER, revenue commissioner, *v.* EDWARDS.

No. 13796.   JULY 8, 1941.

*Ellis G. Arnall, attorney-general, Andrew J. Tuten* and *Claude Shaw, assistant attorneys-general,* for plaintiff.

*P. M. Anderson,* for defendant.

DUCKWORTH, Justice. ■ The first attack upon the statute under which the execution issued is made in paragraph 2, and is based upon the contention that the act fails to meet the uniformity requirement of article 7, section 2, paragraph 1, of the State constitution. Code, § 2-5001. This constitutional provision was

amended in 1937, but the portion applicable to the question here, to wit, "All taxation shall be uniform upon the same class of subjects, . . within the territorial limits of the authority levying the tax," remains the same. It is contended that the uniformity required by the constitution is destroyed in the act, because of the exemptions therein provided. The authority of the General Assembly under the constitution before and after the 1937 amendment to classify subjects for taxation can not be successfully challenged. The power thus to classify is subject to the limitation that any classification must be reasonable, natural, and not arbitrary. *Mutual Reserve Fund Life Association* v. *Augusta*, 109 *Ga.* 73, 79 (35 S. E. 71) ; *Featherstone* v. *Norman*, 170 *Ga.* 370 (153 S. E. 58). In *Home Insurance Co.* v. *Augusta*, 50 *Ga.* 530 (4), where an ordinance was attacked upon the ground that it lacked uniformity in that it imposed different amounts of taxes upon insurance companies, this court held that the ordinance was valid as against the attack made. The subjects for taxation were insurance companies, but this general class was subdivided into fire-insurance companies and life-insurance companies, and for reasons satisfactory to the city authorities enacting the ordinance a license fee of $100 was imposed upon life-insurance companies while a fee of $250 was imposed upon fire-insurance companies. One of the considerations on which this court sustained the ordinance was the fact that the legislative acts of the State, assessing taxes on professions, varied the tax from $10 to ten or twenty times that sum, which had been true of every tax act passed since the uniformity rule had been in the constitution. This court said: "This contemporaneous, unbroken, practical exposition of the meaning of the constitution by all departments of the State government should not be disregarded in the search for the true interpretation of the provisions we are considering. By the light of this and the principles and authorities cited, we conclude that the court below did not err in refusing the injunction prayed for."

In *Featherstone* v. *Norman*, supra, this court had for consideration an attack upon the State income-tax statute, and in sustaining the statute against the constitutional attack that it lacked uniformity this court said: "To be uniform under this provision, taxation need not be universal. Certain objects may be made its subjects, and others may be exempted from its operation. Certain occupa-

tions may be taxed, and others not; but as between the subjects of taxation in the same class there must be equality. All that the law requires is that classification of persons who are to be exempt shall not be arbitrary and unreasonable." It was there held that the State income-tax statute was not unconstitutional because it exempted incomes under a certain amount, or because it increased the rate as the income increased. See *Adams Motor Co.* v. *Cler,* 149 *Ga.* 818 (102 S. E. 440); *Wright* v. *Hirsch,* 155 *Ga.* 229 (116 S. E. 795); *Dixie-Ohio Express Co.* v. *State Revenue Commission,* 186 *Ga.* 228 (197 S. E. 887); *City of Atlanta* v. *Georgia Milk Producers Confederation,* 187 *Ga.* 117 (200 S. E. 712). In *Home Insurance Co.* v. *Augusta,* supra, the subjects for taxation fell in the general class of insurance companies; but the different classifications were sustained, because the insurance companies were engaged in selling different types of insurance. In the present case all rolling-stores fall in the same general classification, but the subclassification by which certain ones are exempt is founded upon the distinction made by the different goods and types of merchandise which they sell. Therefore the classification in the present act is sustainable upon the same grounds upon which the ordinance in that case was sustained, and the demurrer to this ground of the affidavit of illegality should have been sustained. *City of Atlanta* v. *Jacobs,* 125 *Ga.* 523 (54 S. E. 534), involved an attack upon an ordinance on the ground that it was discriminatory and void. The ordinance there imposed a license tax on fire or wreck sales of merchandise, but provided that it should not apply if the merchandise was salvaged from fire or wreck in the City of Atlanta. The ordinance was held void because of such discrimination. Obviously the sole basis for classification, which was the place where the fire or wreck occurred, was not a reasonable or natural basis for classification. That decision is clearly distinguished on its facts from the present case. The defendant cites also *Gould* v. *Atlanta,* 55 *Ga.* 678, where this court held that an ordinance taxing non-resident itinerant traders was invalid. The invalidity is apparent when it is observed that the sole basis for making the classification was the residence of the person taxed. Other cases cited by counsel are *Cutliff* v. *Albany,* 60 *Ga.* 597; *Mayor &c. of Savannah* v. *Weed,* 84 *Ga.* 683 (11 S. E. 235, 8 L. R. A. 270); *Singer Mfg. Co.* v. *Wright,* 97 *Ga.* 114 (25 S. E. 249, 35 L. R. A. 497); *American Bakeries*

*Co.* v. *Griffin,* 174 *Ga.* 115 (162 S. E. 513). They are distinguished on their facts from the instant case.

■ The affidavit of illegality assailed the statute on the ground that it deprived him of property without due process of law, in violation of article 1, section 1, paragraph 3, of the constitution (Code, § 2-103). This ground states no specific facts, but rests solely upon the general assertion of the pleader to the effect that a rolling-store operator can not pay the tax required by this act and have left any net profit. It is not alleged what is the gross or net income of any rolling-store operator. In *Bennett* v. *Public-Service Commission,* 160 *Ga.* 189, 192 (127 S. E. 612), it was said: "It is well settled that a demurrer does not admit opinions or conclusions of the pleader. . . Nor does a demurrer admit conclusions of law. . . Nor does a demurrer admit conclusions of fact where the facts are not averred upon which such conclusions are supposed to rest." A demurrer merely admits those facts that are properly pleaded, and a legal conclusion of the pleader does not constitute such a fact. In *Coleman* v. *Coleman,* 113 *Ga.* 149 (38 S. E. 400), where it was sought to set aside a judgment for fraud, it was said: "In order to authorize a court of equity to entertain a petition to set aside a judgment for fraud, the acts claimed to constitute the fraud must be clearly and specifically alleged; and mere general averments that the judgment was obtained by misrepresentation, concealment, and fraud are not sufficient." Where it is sought as in the present case to strike down a solemn enactment of the legislature on the ground that it offends the constitution, the presumption of law is that the act is valid, and to successfully assail it specific facts must be alleged to establish its invalidity. In *City of Atlanta* v. *Johnson,* 191 *Ga.* 100 (11 S. E. 2d, 656), where the property owner sought to avoid a street-improvement assessment on the ground that it constituted a confiscation of her property, this court said: "The plaintiff avers that the action of the city 'amounts to confiscation' of her property, but nowhere is the value of her property shown, or the amount of the assessment; and therefore no facts are stated to support the mere conclusion as to confiscation." This rule requiring allegation of specific facts in pleadings rather than mere legal conclusions is again asserted in *Butler* v. *Dublin,* 191 *Ga.* 551 (4) (13 S. E. 2d, 362), as follows: "It is 'one of the fundamental rules of pleading that facts and not

legal conclusions must be alleged,' and that mere general conclusions without specific facts on which they are based will constitute no cause of action. *Field* v. *Brantley,* 139 *Ga.* 437 (3), 441 (77 S. E. 559) ; *Jones* v. *Ezell,* 134 *Ga.* 553 (5), 559 (68 S. E. 303) ; *Furr* v. *Burns,* 124 *Ga.* 742 (5) (53 S. E. 201)." It is the facts alleged, and not the conclusions, that determine whether or not a cause of action is stated. Compare *Great Atlantic & Pacific Tea Co.* v. *Columbus,* 189 *Ga.* 458 (2) (6 S. E. 2d, 320) ; *Higginbotham* v. *Adams,* 192 *Ga.* 203 (14 S. E. 2d, 856). Therefore ground 3, alleging no facts to support the conclusions therein, was subject to demurrer. The affidavit as amended alleged no defense to the execution, and it was error to overrule the general demurrer. Since under the above ruling ground 3 alleged no valid defense to the execution, neither the original ground nor the amendment alleged any valid defense; and it was error to allow the amendment over the objection interposed.

*Judgment reversed. All the Justices concur.*