18570.   OVERTON *v.* ALFORD.

Submitted May 10, 1954—Decided June 14, 1954—
Rehearing denied July 14, 1954.

*Weldon C. Boyd, Fred A. Gillen,* for plaintiff in error.

*Kay Tipton, Erwin, Nix, Birchmore & Epting, Tipton & Tipton,* contra.

HEAD, Justice. The petition of the plaintiff shall plainly, fully, and distinctly set forth his cause of action for either legal or equitable relief, or both. Code § 81-101.

" 'It is "one of the fundamental rules of pleading that facts and not legal conclusions must be alleged," and that mere general conclusions without specific facts on which they are based will constitute no cause of action.' [Authorities].' It is the facts alleged, and not the conclusions, that determine whether or not a cause of action is stated." *Forrester v. Edwards,* 192 *Ga.* 529, 534 (15 S. E. 2d 851), and cases cited; *Fowler v. Southern Airlines,* 192 *Ga.* 845 (4) (16 S. E. 2d 897).

"Where pleadings are ambiguous or couched in alternative expressions, on demurrer they will be given that construction which is most unfavorable to the pleader. Accordingly, where two matters are pleaded in the disjunctive, one of which is good and the other not, the petition is to be treated as pleading no more than the latter, under the rule that the pleadings must be constructed most strongly against the pleader." *Doyal v. Russell,* 183 *Ga.* 518, 519 (3, 4) (189 S. E. 32), and cases cited.

"An injunction which is a harsh remedy should not be granted until a clear prima facie case is made by the bill. The allegations must be direct and positive." *Jones* v. *Macon & Brunswick R. Co.*, 39 *Ga.* 138; *Lee* v. *Clark*, 49 *Ga.* 81, 84; *William Hone & Co.* v. *Moody*, 59 *Ga.* 731, 732. The allegations of fact may be on "information and belief," provided the allegations are direct and positive. *Nance* v. *Daniel*, 183 *Ga.* 538, 543 (189 S. E. 21); *Bailey* v. *B. F. Coggins Granite & Marble Industries*, 192 *Ga.* 72, 74 (14 S. E. 2d 568); *Allen* v. *Allen*, 196 *Ga.* 736, 747 (27 S. E. 2d 679).

In the present case there are no positive allegations of any fact that would entitle the petitioner to relief by injunction. The allegation that "said obstruction, if allowed to commence and remain, will prevent or hinder or interfere with petitioner's access to said O'Bear tract of land," is uncertain and contradictory within itself, and is further contradicted by other allegations which show nothing more than an encroachment on a public road (see Code §§ 95-108, 95-9901, and 95-9902), assuming that the road described may be a public road. To permanently block a public road is a nuisance relievable in equity, while to hinder or interfere with the free use of a road may or may not be a nuisance, depending on the extent of the hindrance or interference.

Applying the rule that a petition couched in alternative expressions will, on demurrer, be given that construction most unfavorable to the pleader, the petition failed to state a cause of action. Stripped of all conclusions, it contained no positive allegations of fact that would entitle the petitioner to any equitable relief.

The court erred in overruling the general demurrers to the petition as amended, and the further proceedings were nugatory.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., Candler and Hawkins, JJ., who dissent.*

DUCKWORTH, Chief Justice, dissenting. The allegations are sufficient to show to a reasonable certainty an intention to block the alleged public highway which is being used as a school-bus route, and it is not necessary to wait until the blockage is placed in the road before the petitioner moves to protect himself against the alleged injury. Therefore, the court did not err in holding

that the petition was sufficient to allege a cause of action, and did not err in overruling the general demurrer to the petition. The evidence proved the material allegations, and it was not error to deny the motion for new trial. I am authorized to state that Mr. Justice Candler and Mr. Justice Hawkins concur in this dissent as to the ruling on demurrer.