43427. KNOWLES v. GWYNN et al.

EBERHARDT, Judge. The rulings appealed from antedated the Civil Practice Act. A petition alleging that Gwynn, a member of a striking union, deliberately caused a collision between his car and that of the plaintiff at a point on the highway approximately a mile from the plant where the strike was in progress, for the reason that plaintiff had crossed the picket line, and that the union "knew or should have known" of the activities of Gwynn and of similar activities of other members of the union, but took no steps to stop or retard them, and that such activity was the product of uncontrolled mass picketing and labor demonstrations, failed to set out any cause

of action against the union and the sustaining of its general demurrer was proper. Cf. *Elrod v. Anchor Duck Mills,* 50 Ga. App. 531 (179 SE 188).

There is no allegation of agency, only of membership by defendant in the union, and the allegation of knowledge is insufficient to show that the union was aware of his activity. *Overton v. Alford,* 210 Ga. 780 (82 SE2d 836).

The petition alleged that Norman Bennett was president of the union and that a copy of the petition and process might be served on the union by serving him at a stated address. He was not named as a party defendant; consequently his general demurrer and the sustaining thereof served no purpose in the matter and the ruling presents nothing for review.

There is no cross appeal from the overruling of the general demurrer of defendant Gwynn.

*Judgment affirmed.* *Felton, C. J., and Whitman, J., concur.*

SUBMITTED FEBRUARY 5, 1968—DECIDED APRIL 8, 1968—REHEARING DENIED APRIL 24, 1968—CERT. ▆▆▆▆▆▆

*Gettle & Jones, Sherman C. Fraser, Jr.,* for appellant.
*Jacobs & Jacobs, Joseph Jacobs,* for appellees.